JAMES L. PIERCE, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. If a witness knowingly and willfully swears falsely in a material matter, his testimony should be rejected entirely, unless it be corroborated by the facts and circumstances of the case, or other credible evidence; and it is not a correct rule for the court to charge the jury, that credit may be given to such a witness, without also charging the necessity for such corroboration.

2. If a defendant on trial for using obscene language to a female, requests the court to charge, that the words must be offensive and an insult to the one to whom they are spoken to make them criminal, and the words are of themselves insulting and obscene, the burden is on him to show such provocation for speaking them, as would amount to a justification, before he is entitled to such charge.

3. Where it is competent to prove drunkenness, a witness may give the facts on which he bases his opinion and from those facts state what that opinion is.

4. Upon the question of the admissibility of such testimony in a criminal case, it is held by a majority of this court, that it is competent for the state to prove that a short time previous to the commission of the offense charged, the accused was intoxicated, provided such testimony makes it probable that the intoxication continued and existed at the time the alleged criminal act was done.

TRIPPE, Judge, dissents on the last point, as follows:

Whilst it may not be objectionable in a criminal case, for the witness for the state in giving the facts which constitute the offense charged, to state, as part of the *res gestæ*, that the defendant was intoxicated, it is not competent for the prosecutor to prove, as an independent fact in the case, that the accused was drunk a short while before the commission of the act charged, although it be so near to that time as to make it probable that the intoxication continued to the time when the offense was alleged to have been committed. Such evidence would neither excuse the crime, if offered by the accused, nor is it competent either to impeach the character or legally to show a greater probability of his guilt.

Criminal law.   Witness.   Evidence.   Charge of Court. Drunkenness.   Before Judge McCUTCHEN.   Bartow Superior Court.   September Adjourned Term, 1873.

James L. Pierce was indicted for the offense of using obscene and vulgar language in the presence of Lucinthia E. Jones, a female, on March 31st, 1871.   He pleaded not guilty. There was no question made by the evidence except as to the fact of the use of the language charged.   The jury found the defendant guilty, but recommended him to the mercy of the court.   The errors complained of will sufficiently appear from the motion for a new trial, together with the following synopsis of a portion of the testimony:

· Mrs. Jones testified as to the use of the language charged, and that she asked the defendant at the time if he was drunk or crazy; to which he replied that he was neither, but was under the influence of morphine, and felt "mighty good;" that no one was present except the witness and the defendant.

· It was disclosed that the defendant was the pastor of the Methodist church in Cartersville; that the same afternoon the offense is alleged to have been committed, he performed the funeral service at the burial of a Mrs. Espy, a member of his church; that shortly after (the evidence does not disclose the intervening time) the discharge of this pastoral duty, he went to the house of Mrs. Jones, when the obscene and vulgar language, according to the evidence for the state, was used.   The prosecution proved, over the objection of the defendant, by James E. Roberts and Agnes Terrell, facts tending to show that he was under the influence of stimulants from the time of leaving the residence from which the corpse was taken, to his return from the grave-yard.   These witnesses were allowed to give their opinions, based on the facts testified to by them, that the defendant was drunk.   Evidence was also introduced tending to show that he was sober.

It is impossible to gather from the record the exact time which elapsed between the defendant's departure from the former residence of Mrs. Espy, and his arrival at the house

Pierce *vs.* The State of Georgia.

of Mrs. Jones. It appeared that the funeral service at the grave was unusually short.

A motion for a new trial was made upon the following grounds:

1st. Because the court allowed the witnesses, James E. Roberts and Agnes Terrell, to testify that the defendant was drunk on the day and immediately preceding the time of the alleged offense.

2d. Because the court allowed these witnesses to give their opinions that the defendant was drunk at the time aforesaid.

3d. Because the court refused to charge the jury as follows: "The speaking of the words charged in the indictment, to be a crime, must have been an insult to Mrs. Jones at the time they were uttered, and if the evidence showed that the words were spoken to her and in her presence, and were not offensive to her, they were not criminal and the defendant should be acquitted."

4th. Because the court charged the jury as follows: "If any witness has sworn willfully and knowingly false in any one particular, such witness is thereby discredited, and you may disregard the entire testimony given by that witness. But if you are satisfied that any portion of the testimony of such witness is reasonable or true, you are not bound to disbelieve such portion. You are not bound to disbelieve a truth because it may come from an unworthy witness. You have to find what is the truth in respect to every material matter."

The motion was overruled and the defendant excepted.

WARREN AKIN; ABDA JOHNSON; WILLIAM T. WOFFORD, for plaintiff in error, cited the following authorities.

1st. Evidence as to drunkenness inadmissible: Roscoe's Ev. 1st., 57; 1 Green. Ev., sections 51, 52.

2d. Opinions as to drunkenness inadmissible: Code, section 3867; 24 Ga. R., 518; 36 *Ibid.*, 64; 38 *Ibid.*, 409; 45 *Ibid.*, 443.

3d. Charge erroneous as to credibility of witness who had

sworn falsely; 1 Starkie's Ev., section 520; 7 Wheat., 283; 13 Ga. R., 512; 23 *Ibid.*, 297; *Ibid.*, 576.

4th. Request to charge should have been given: 41 Ga. R., 278; 14 Peter's R., 198; 24 Pick. R., 370.

A. T. HACKETT, solicitor general; J. A. W. JOHNSON; JOHN W. WOFFORD, for the state.

1st. Opinions of witnesses as to drunkenness, based on facts, admissible: Code, section 3867; 10 Ga. R., 511; 12 *Ibid.*, 257, 271; 31 *Ibid.*, 465; 38 *Ibid.*, 409; 6 *Ibid.*, 244; 20 *Ibid.*, 480, 600; 24 *Ibid.*, 518; 30 *Ibid.*, 116; 17 *Ibid.*, 484; 24 *Ibid.*, 26.

2d. Charge as to credibility of witness correct: 13 Ga. R., 508; 22 *Ibid.*, 478; 23 *Ibid.*, 216; 34 *Ibid.*, 339; 47 *Ibid.*, 71; Code, section 3875.

TRIPPE, Judge.

The grounds taken in the motion for a new trial are considered in the inverse order from what they appear in the motion.

1. In the case of *Morris Fishel vs. Lockard & Ireland,* 52 *Georgia Reports,* 632, the judge of the superior court, on the trial thereof, charged the jury, that "if a witness swears willfully and knowingly false, even to a collateral fact, his testimony ought to be rejected entirely, unless it be so corroborated by circumstances or other unimpeached evidence, as to be irresistible." Upon a review of that charge it was held to be error, and that although the charge was in the words of the head-note to the case of *Ivey vs. The State,* 23 *Georgia,* 236, upon an examination of the judgment of the court in that case, it did not sustain the rule to the full extent to which it went in the head-note. It was also said that it was much broader than the rule stated in *Day & Company vs. Crawford,* 13 *Georgia,* 508, which is, that "if a witness swear willfully false upon any one material point, the jury are at liberty to disregard his testimony altogether unless corroborated by circumstances, or other unimpeachable evidence."

Reference was also made to the decision in *McLean vs. Clark*, 47 *Georgia*, 508, in which it is held that "the point upon which the untruth is stated must be material." We think the true rule to be deduced from these decisions, and one that is proper to be given in charge to the jury when the question arises, is, if a witness knowingly and willfully swears falsely in a material matter, his testimony should be rejected entirely unless corroborated by the facts and circumstances of the case, or other credible evidence. And we do not think that it is a correct charge for the court to say that credit may be given to such a witness, without also stating the necessity for such corroboration. The charge of the court in this case gave no such qualification, stated nothing as to corroborating circumstances or evidence, and in that, there was error.

2. The court was requested to charge that the words alleged to have been used by the defendant must have been offensive and an insult to the one to whom they were spoken, to make them criminal. The statute defining the offense with which defendant is charged, says, any person who shall, *without provocation*, use to or of another, and in his presence, opprobrious words, etc., *or who shall, in like manner, use obscene and vulgar language in the presence of a female*, shall be guilty, etc. If the provocation for the speaking of the words be given and proved, then the justification is made out, whether the words be offensive and an insult or not. If the words used be of themselves obscene and vulgar, the question of defense would be, after the state had proved there was no provocation, whether there was in fact any provocation for speaking them. The test of this could not be, simply whether they were offensive and an insult to the person to whom they were addressed. That fact might be a circumstance affecting the inquiry as to there having been a provocation, but not one to determine absolutely the defendant's guilt or innocence.

3. As to whether it is competent for a witness to give his opinion upon the question of the drunkenness of a person, it is like other matters of that sort, and if the facts upon which the opinion is based are stated, the witness may, from those

facts, state what that opinion is.    It was said in *Choice vs. The State*, 31 *Georgia*, 466, 467, that the testimony was wholly unexceptionable, where the witness stated, "prisoner, *from his appearance*, had been drinking."    "Although witness did not see him drinking, yet he judged, *from his manner and appearance*, that he had been drinking; · had seen him frequently in that condition before."    Many citations could be given sustaining the admissibility of such opinions under the qualifications stated.

4. It was objected by counsel for defendant that it was not competent for the prosecution to introduce evidence against him showing that he was intoxicated. ˙ Upon this point it is held by a majority of this court, that it was competent for the state to prove that a short time previous to the commission of the offense charged, the accused was intoxicated, provided such testimony makes its probable that the intoxication continued, and existed at the time the alleged criminal act was done.    This is the judgment of the court on this point, but I cannot concur in it.    I understand it is put on the ground that it is but giving the surrounding circumstances at the time of the commission of the offense, as a part of the *res gestæ*.    I will not deny that a witness for the state in giving the facts which constitute the offense charged—the transaction itself— may state as part of the *res gestæ*, that the defendant was intoxicated at the time.    Indeed, it is difficult to conceive what could then happen which the witness, who gives an account of the occurrence, may not state. · Certain it is, that many things are competent to be given in evidence, or I would rather say, may be detailed by the witness, as being a part of the *res gestæ*, which would be incompetent, from any other witness.    What could be the object or effect of such testimony in this case?    It will be admitted that it could not be introduced for the purpose of attacking the character of the defendant.    He had not put his character in issue, and the state could not.    Nor will it be claimed that its legal effect would be to show a greater probability of defendant's guilt.    This being so, there could be nothing in the issue on trial which

would be legally affected by such evidence. The chief witness for the state, who proved the *res gestœ*, did not say the defendant was intoxicated; and though the rule of evidence might have permitted her to state that fact, if true, yet, I cannot think the prosecution was entitled to prove as an independent fact in the case that the accused was intoxicated a short while before the commission of the act charged, although it be so near to that time as to make it probable that the intoxication continued to the time when the offense was alleged to have been committed. The danger of admitting such evidence is illustrated in this case. Some of the witnesses affirm that the defendant was drunk, others deny it. All the witnesses testifying on this point saw him at the same time. Here, then, was conflicting testimony on a matter which, in law, was immaterial upon the question of defendant's guilt, the issue to be tried, and yet the burden of meeting it was forced on the accused, and the mind of the jury unnecessarily distracted by it. No one could voluntarily submit to a charge of drunkenness, whose moral character might be ruined by it, and he ought not to be compelled to contest such a charge made by testimony, unless it has a legal significance and force on the issue under investigation. A new trial is granted on the first ground noticed in this opinion.

Judgment reversed.