### 4162. BEASLEY *v.* THE STATE.

No error of law is complained of, and the evidence, though entirely circumstantial, is sufficient to support the verdict.

DECIDED FEBRUARY 11, 1913.

Indictment for larceny; from Worth superior court—Judge Frank Park. March 16, 1912.

*Perry, Foy & Monk,* for plaintiff in error.

*W. E. Wooten, solicitor-general, F. A. Hooper,* contra.

RUSSELL, J. The plaintiff in error was convicted of simple larceny. The charge was the theft of some seed-cotton. The sole contention of his counsel here is that the verdict is contrary to law, for the reason that the evidence upon which the verdict is based is purely circumstantial, and is not sufficient to exclude every other reasonable hypothesis than that of the guilt of the accused. It is insisted that there is unimpeached evidence that the cotton identified by circumstances alone as stolen was not in fact the property actually stolen. We can not hold that the jury were required to believe the direct testimony of the unimpeached witness who swore that the cotton alleged to be the subject-matter of the larceny had never been stolen at all, but was his property, rather than the testimony of a number of witnesses, also unimpeached, who testified to circumstances indicating the guilt of the accused. The fact that the brother of the accused testified

that the seed-cotton which the defendant was suspected of stealing had not in fact been stolen, but was his (the brother's) seed-cotton, would not be conclusive, unless the jury saw fit to prefer the brother's testimony to the testimony of witnesses for the State that the cotton was stolen. So that, after all, the only question to be considered in determining whether the verdict finding the accused guilty is contrary to law, upon the ground· that the evidence is insufficient, is whether the incriminatory circumstances adduced by the State authorized the jury to find the accused guilty, and are inconsistent with any other reasonable hypothesis than that of his guilt. Of course, if the jury had believed the defendant's brother, they would have acquitted the accused; and the fact that the jury convicted him evidences that the testimony of his brother was not credited.

It is true that the evidence of the guilt of the accused is wholly circumstantial, but the corpus delicti was clearly established. The seed-cotton was taken from the prosecutor's field, and the foot-prints and wagon tracks leading to the defendant's house showed that the defendant stopped there. The tracks led to the defendant's crib, where cotton similar to that stolen was found, and cotton was scattered all along the way from the field from which the cotton was stolen to the defendant's crib. According to the testimony in behalf of the State, the seed-cotton found in the defendant's crib was not only different from the kind of cotton raised by the defendant, but in it cane "pummies," chufa, and crabgrass had been mixed. These too were found mixed in the cotton in the defendant's crib. The cotton basket cut some figure in the case. It is true that the defendant's mother and brother testified in regard to this basket, and the mother swore it was her property; but this basket found in the crib of the defendant was identified by two witnesses for the State as a basket which had been taken from the prosecutor's field. One of these witnesses identified it by a wire, and another by a string. We think these circumstances, if the witnesses who swore to them were credible, were sufficient to satisfy the jury of the guilt of the accused beyond any reasonable doubt, and produce a degree of mental conviction which would exclude any other reasonable supposition than that the accused was guilty of the theft with which he was charged.

A very significant circumstance which perhaps tended to dis-

credit the main witness. for the defendant (his brother) was that this witness did not earlier lay claim to his cotton, although its seizure was known by him shortly after his brother was arrested; his ownership not being asserted until the trial of the case.

The force of the defendant's statement was no doubt weakened by proof that at his commitment trial he claimed that the cotton was his own, and not his brother's. The ruling which requires that where the guilt of one accused of crime depends wholly upon circumstantial evidence, the jury should be satisfied of the guilt of the accused, to the exclusion of every other reasonable hypothesis than that of his guilt, should not be relaxed. No one should be convicted upon suspicion. Yet circumstances can point so unerringly to guilt as to leave in the mind a reasonable and moral certainty that the accused is guilty. We are inclined to the opinion that (in the language of Chief Justice Bleckley in *Stevens* v. *State*, 77 *Ga.* 311, 2 S. E. 684), the circumstances are "strongly suggestive of a suspicious intercourse on his part" with the stolen property.          *Judgment affirmed.*