### 4249. KINSEY v. THE STATE.

1. Where, in the trial of a criminal case, the existence and contents of a writing, shown to be in the possession of the accused, are material, parol evidence of its contents is admissible.

2. In an indictment for arson, ownership was properly laid in one to whom a deed conveying the property destroyed by fire was executed for the purpose of indemnifying him against loss by reason of his having become surety on the grantor's appearance bond in another case, it appearing that at the time the building was set on fire the bond was still in force.

3. The instructions of the trial judge that "if the place [described in the indictment] was a small assemblage of houses, situated so near to each other that the burning of one would endanger the others, then that assembly would be a village, in the meaning of the law," while not altogether accurate, was not prejudicial. Nor was it reversible error that the trial judge instructed the jury that they might convict the accused even though the house which was burned was not located in a city, town, or village. There was a general verdict of guilty, and the effect of this verdict was to find that the burned house was in the village described in the indictment, and, as the evidence demanded this finding, the instruction complained of was not harmful.

4. The evidence was wholly circumstantial and not sufficient to exclude every other reasonable hypothesis than that of the guilt of the accused. For this reason the trial judge erred in overruling the motion for a new trial.

5. "Plaintiffs in error who bring their cases to this court upon paupers' affidavits are not altogether relieved from liability for the costs, but are simply entitled to have their cases heard without the payment of costs as a condition precedent." *Sigman* v. *Austin,* 112 *Ga.* 570 (37 S. E. 874). Costs inadvertently paid by counsel for the plaintiff in error will not be refunded on motion, but the payment will be treated as voluntary.

DECIDED FEBRUARY 24, 1913.

Indictment for arson; from Catoosa superior court—Judge Fite. April 4, 1912.

*Maddox, McCamy & Shumate, Foust & Payne,* for plaintiff in error.

*T. C. Milner, solicitor-general, George W. Stevens,* contra.

RUSSELL, J. The first, second, and third headnotes are self-explanatory. The judgment overruling the motion for a new trial is reversed solely upon the ground that the evidence is not sufficient to have satisfied the mind of the jury to the exclusion of every other reasonable supposition than that of the defendant's guilt. This is the gauge applied by the law, and it should be applied in measuring the sufficiency of the evidence in every case

where the guilt of one accused of crime depends wholly upon circumstances.

The main circumstances which indicate the guilt of the accused in this case are, that he was upon bad terms with one of his neighbors, and had made certain remarks which might be construed as veiled threats indicating a desire upon the part of the defendant that this named person (one Carroll) be gotten rid of; that a few days previous to the fire he had bought three gallons of gasoline; that shortly before the fire was discovered he went into the basement of the house which was burned, and almost immediately thereafter mounted his horse and rode off in a gallop, and, from three to five minutes after his departure, a fire was discovered in the basement; and that on meeting a young lady who was returning from church, he stated, in response to her inquiry as to the location of the fire, that it was his house. He was arrested either before or just as he was reaching the house itself, on his return. The house which was burned was his property and was insured. The foregoing circumstances may suggest the probability of the defendant's guilt, but the real question is, do they exclude a reasonable hypothesis of his innocence? The law will not permit one to be convicted upon circumstantial evidence because, forsooth, he is *perhaps* guilty, but it requires that the proof adduced to deprive him of his liberty shall be so strong that when the circumstances are construed in their weakest light, they shall suggest no other reasonable hypothesis than that he is guilty. We use the expression "in their weakest light" because it is an invariable rule of law that, where a fact or circumstance is susceptible of two constructions, the one indicative of guilt and the other consistent with innocence, the construction which comports with innocence is to be preferred. The circumstances which we have summarized above are to be considered in connection with the fact that the house of the accused, which was burned, was located fifty feet (at the nearest point) from the dwelling of Carroll, who was the alleged object of his antipathy; that the fire occurred at ten o'clock in the daytime, and that the accused was in view of the fire at the time he made the remark to Miss Walsh (the young lady referred to above), and had as good an opportunity to see the fire as she had, and, from his familiarity with the location of the houses in the town, acquired from a residence of ten years in Kinseyville, he was doubtless able

to state the exact location of the fire. There is nothing to indicate that he had not seen the fire before Miss Walsh spoke to him, and we incline to the opinion that if he had just set fire to the house, he would have been less apt to say it was his house than he would if innocent. Two witnesses, whose testimony is undisputed, testify that almost immediately preceding the discovery of the fire, they saw a strange man go into the basement and come out.

Taking into consideration the time of the day at which the building was burned, and the fact that it was Sunday, when the neighbors had a better opportunity than upon other days to observe any suspicious circumstances, as well as the utter unreasonableness of the theory that one would burn his own house in order to remove from the neighborhood a citizen who was objectionable to him, and who happened to live in a house fifty feet away and entirely disconnected from his own house, and the fact that it does not appear that the insurance policy had not been transferred (for if not transferred to the Beavers it would have been forfeited by the change of ownership in the premises), we can not say that the jury were authorized to prefer the supposition that the accused was guilty to the supposition that he was innocent. The facts that he was in the basement of his own house shortly before his departure, and that on Sunday morning he mounted his horse to take a ride, and rode away, in conjunction with the fact that a stranger was shortly afterward in the basement of the same house, when considered from the innocent viewpoint which the law preferably attributes to these circumstances, are perfectly consistent with the theory that he did not know his house had been fired. And as this theory is not dependent alone upon the defendant's statement, but is supported by evidence aliunde, the jury should have preferred it, under the requirement of the law as to cases of circumstantial evidence.

In addition to all this, it is extremely doubtful whether the legal presumption that the fire was accidental was rebutted; and if it was and the corpus delicti was established, the stranger who entered the house was, under the evidence, as closely connected with the fire as was the accused.          *Judgment reversed.*