### 4786.   SELLERS v. THE STATE.

HILL, C. J.   1. On the trial of a criminal case, where the existence and contents of a writing are material and the writing is shown to be in the possession of the accused, parol evidence of the contents of the writing is admissible on the theory that the writing is inaccessible because the accused can not be compelled to give testimony against himself by being required by the court to produce it.   *Kinsey* v. *State*, 12 *Ga. App.* 422 (77 S. E. 369) ; *Farmer* v. *State*, 100 *Ga.* 41 (28 S. E. 94).

2. The first count of the indictment charged the accused with forgery, the specific act of forgery being that he wrote on the back of a check, as an indorsement, the name of the payee, (the check being made payable to the said payee or his order) ; and the second count charged, that, after so forging the name of the payee on the back of the check as an indorsement, the accused then and there uttered and published the check as true, with the forged name of the payee thereon, by presenting it to the bank on which it was drawn, and obtaining the money thereon, with the fraudulent intent charged in the indictment.   The undisputed evidence for the State was given by the teller of the bank, to whom the check was presented, both as to the actual act of forgery and the act of uttering and publishing the forged instrument as true. The trial judge, pertinently to this question, charged the jury to the effect that the evidence did not separate the two counts, and that if the jury found the accused guilty on one count, they would necessarily find him guilty on the other; and that if they found him guilty, under the rules of law which had been given them in charge, the form of the verdict would be, "We, the jury, find the defendant guilty."   *Held*, that this instruction was not an expression of opinion on the evidence, or the weight of the evidence; nor was it erroneous as to the form of the verdict, because the evidence demanded a finding that the accused was guilty on both counts of the indictment.

3. Any error in the charge of the court or in failing to charge, or in the admission of evidence was immaterial.   In view of the fact that the accused introduced no evidence and made no statement to the jury, the evidence for the State fully demanded his conviction on both counts of the indictment.                                    *Judgment affirmed.*

DECIDED MAY 6, 1913.

Indictment for forgery; from Appling superior court—Judge Conyers.   February 8, 1913.

*W. W. Bennett,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.