### 4916.  FORD *v.* THE STATE.

1. There is no merit in the motion to dismiss the bill of exceptions.
2. A verdict of guilty is not, for want of evidence, contrary to law, unless no credible evidence in support of the verdict was adduced.
3. Jurors are the judges of the credibility of witnesses. They may wholly disregard testimony which is at variance with the universal experience of humankind, or which is contrary to and in conflict with the evidence of the human senses, but the uncontradicted testimony of an unimpeached witness should not be disregarded merely because the fact or transaction testified to by him would ordinarily be improbable.
4. The fact that a witness is also a detective, whose payment depends upon the conviction of the accused, is a circumstance to be considered by the jury in passing upon the credence to be given to his testimony, but it is within their power to believe such a witness.

DECIDED JULY 8, 1913.

Indictment for sale of liquor; from Worth superior court— Judge Frank Park. April 3, 1913.

*Payton & Nottingham,* for plaintiff in error.

*R. C. Bell, solicitor-general,* contra.

RUSSELL, J. 1.  A motion is made to dismiss the bill of exceptions on the ground that there is no assignment of error upon any judgment of the court, and that the defendant has not filed the

affidavit in forma pauperis required by law. An inspection of the record shows that there is a proper assignment of error and exception to the judgment of the court refusing a new trial. As to the second ground of the motion it appears as a matter of fact that the defendant filed an affidavit stating that because of his poverty he was unable to pay the costs of the case, but even if this had not been done, it would not have concerned the defendant in error. Questions affecting the payment of costs in the reviewing court are passed upon only when brought to the attention of the court by the clerk under the rule. It is true, as insisted, that there is also an affidavit in which the plaintiff alleges inability to give bond for the eventual condemnation money, but this does not affect the other affidavit in forma pauperis. There is therefore no merit in the motion to dismiss the bill of exceptions, and it is overruled.

2. The defendant was convicted of a violation of the law prohibiting the sale of intoxicating liquors. He excepted to the judgment overruling his motion for a new trial. It is insisted, in the motion for a new trial, that the testimony, taken as a whole, does not warrant the conviction of the accused. It was shown that the State's witness was a loafer and a gambler, and there was evidence that he was actuated by ill will toward the accused, growing out of a previous difficulty. Furthermore, the State's witness stated that he had been hired by the chief of police for the specific purpose of obtaining evidence against the accused. However, it is conceded that the testimony of this witness, if credible, would authorize a verdict of guilty. The point is made that, under the facts appearing from the record, the jury should not have believed the witness, and for that reason the verdict was contrary to law, as being unsupported by any evidence. We have no hesitation in saying that the proof was very weak, and yet we must hold that the trial judge did not err in refusing to grant the motion upon the ground that it was unsupported by evidence. A verdict can not be said to be contrary to law for want of evidence, unless there is no credible evidence in support of it.

3, 4. This statement of the rule is not questioned in the argument for the plaintiff in error, but the point is made that in this case the evidence in support of the verdict is not credible. Of the credibility of testimony the jury are the exclusive judges. In the present case they had the right to believe the witness in spite of

his admitted interest, and to attach no importance to the testimony as to his ill will toward the accused. Both circumstances went to his credit, and either might have authorized the jury to discredit his testimony. It frequently happens that one may prosecute another toward whom he entertains the unkindest feelings, and still his testimony be true. Indeed, cases in which citizens prosecute their friends are so infrequent that if prosecutions were confined to such cases, few violations of the law would ever be punished. The state of the witness's feelings toward the accused goes to his credibility or credit. The bias of one who has a pecuniary interest in a conviction is to be considered by the jury in the light of the same rule. Personally, the writer would hesitate a long time before he would convict one accused of crime upon the testimony of one admitting that he had no interest in the public good, and who had procured testimony or (as in this case) manufactured a case by inducing his fellow citizen to violate one of the laws of the State; but in every such case the question of the credibility of such a witness is one addressed peculiarly to the jury. The interest of the witness goes to his credibility. If the jury believe his testimony is the truth, without regard to his interest, they are authorized to give it full credence; and it is only when the jury believe that his interest has induced him to swear falsely that they are authorized to wholly disregard it. However, the decision of this question may involve the minds of the jurors in such reasonable doubt as would require an acquittal, if there be no other testimony than that of the detective or hired witness.

It is alleged in the fourth ground of the amended motion for new trial that the character of the evidence is not such as would carry conviction to the minds of reasonable jurors, and "that at this particular time, owing to the prejudice which exists against the handling of liquors, juries are too willing to convict on the slightest circumstance accompanied by a paper called an indictment, and while it is true that this is a heinous offense, innocent people should not be convicted of violating the prohibition laws." This court can not know of the conditions referred to, and the contention of this ground of the motion, therefore, can only be considered as addressed to the trial judge. He has overruled it. This court can only consider the case in the light of the ordinary

rules governing the admissibility and weight of testimony, keeping in view the great underlying fact that the jury, and not the court, must determine what is the truth in every case, civil or criminal.

Conceding, as ably argued by counsel for plaintiff in error, that the testimony as to the circumstances of the sale of intoxicating liquor, involved in this case, are highly improbable, still the verdict can not for that reason be set aside. A jury may believe testimony relating to an occurrence which would ordinarily be deemed to be improbable. The first question for the jury to determine is whether the witness testifying to these facts is credible. If this question is settled in the affirmative, then testimony of a witness who is unimpeached and whose testimony is uncontradicted by other testimony can not be affirmatively disregarded by a jury merely because it is improbable. Very frequently it is the unexpected which happens. Of course, the jury is not required to believe the testimony of a witness to facts which are wholly at variance with the universal experience of mankind, or directly in conflict with human observation as derived from the five human senses. The mere fact that the occurrence related in the testimony did not take place in the manner usual in similar occurrences is not of itself a reason why the testimony upon that subject should be arbitrarily cast aside and disregarded.

*Judgment affirmed.*