### 5673.  LINDSEY *v.* THE STATE.

RUSSELL, C. J. The most that can be said in behalf of the evidence adduced for the prosecution is that it raises a suspicion of the guilt of the accused. One can not be convicted of crime upon a bare suspicion of guilt; and where circumstantial evidence alone is relied upon, a verdict of guilty is contrary to law, if, upon a review of the testimony, the hypothesis of the defendant's innocence is as well supported as the conclusion that he is guilty. For this reason the court erred in overruling the motion for a new trial.

*Judgment reversed. Roan, J., absent.*

DECIDED JULY 21, 1914.

Indictment for larceny; from Tift superior court—Judge Thomas. March 28, 1914.

L. M. Lindsey and Thomas Self were jointly convicted of larceny; their motion for a new trial, alleging that the verdict was without evidence to support it, was overruled, and Lindsey excepted. The property alleged to have been stolen was seed-cotton in the field of Martin. Tracks of a mule and wagon and the possession of a check which Self had received for seed-cotton were relied on to connect Lindsey with the alleged crime. From the testimony it appeared that when it was discovered that the cotton had been taken, tracks of two persons were found in the field, and these led to tracks of a mule and wagon. After following the tracks of the mule and wagon for some distance, Martin learned of a sale that Self had on the same day made to J. L. Gay, of 1,083 pounds of seed-cotton, which quantity, it was testified, was the quantity taken from Martin's field. On the next day Martin again "picked up" the tracks, and they went to a point where the road forked, which was at a distance of several miles from his field, and the mule's tracks went from that point to Self's place, where they were compared with the tracks of a mule found there. Self's mule was blind and was "shod in front," and the tracks in question corresponded with its tracks and indicated the wabbly movements of a blind mule. Lindsey resided not far from Self's place and in a different direction from the fork of the road, and it was testified that the tracks of the mule and wagon were followed from the fork of the road to Lindsey's shed, under which was a one-horse wagon, with a tire which corresponded in size with the wagon tracks in question. Traces of cotton were found on the wagon and at places on the route of the tracks. Gay testified that he bought from Self 1,083 pounds of seed-cotton, which Self brought to him about nine o'clock in the morning in a two-horse wagon drawn by a mule and a horse, and that at Self's request he paid for it in two checks, payable to the order of S. W. Walker. Soon after the sale it was ascertained that Lindsey had one of the checks, and he made the statement (repeated by him at the trial and concurred in by Self) that he had received it from Self in payment of a debt. Walker's name was indorsed on it. Walker testified that he was a brother-in-law of Self and had on different occasions taken checks payable to his own order, in payment for cotton sold for Self, against whom there were out-

standing judgments, but had not directed that these two checks be made payable to him, and did not indorse either of them. He testified further that Self came to him one morning just before daylight and got his wagon and hitched Self's blind mule to the end of the tongue, and on the same day brought the wagon back; he did not remember the date. There was testimony to the effect that just before the cotton in question was missed from Martin's field, a pile of seed-cotton, apparently about 1,000 or 1,200 pounds, was on Self's porch, and that a short time previously cotton was picked in his field. At the trial he stated that the seed-cotton sold to Gay was picked on his own place. Lindsey stated that if his wagon went out of his lot at the time referred to, he did not know of it.

*J. W. Powell,* for plaintiff in error, cited: *Cummings* v. *State,* 110 *Ga.* 293; *Young* v. *State,* 121 *Ga.* 334; *Bell* v. *State,* 93 *Ga.* 557; *New* v. *State,* 124 *Ga.* 143; Penal Code, § 1010.

*J. A. Wilkes,* solicitor-general, cited *Beasley* v. *State,* 12 *Ga. App.* 256.