Certiorari; from Carroll superior court—Judge R. W. Freeman. January 14, 1916.

*Smith & Smith,* for plaintiff in error. *S. C. Boykin,* contra.

---

7274.  HURT *v.* THE STATE.

RUSSELL, C. J.  The corpus delicti of an arson may, of course, be established by circumstantial evidence, provided the circumstances are sufficient to exclude every other reasonable hypothesis than that of a wilful and intentional burning, and are so strong as to rebut the presumption that the fire was of providential or accidental origin; but the circumstances in the present case are not sufficient to rebut the statutory presumption as to the origin of the fire.

*Judgment reversed. Broyles, J., dissents.*

BROYLES, J., dissenting.  In my opinion the circumstantial evidence in the case was sufficient to establish the corpus delicti.

DECIDED MAY 18, 1916.

Indictment for arson; from Houston superior court—Judge Mathews.  January 18, 1916.

A group of wooden buildings, consisting of a barn, a stable, and a corn-crib, on a farm occupied by Eli Hicks as a tenant, was destroyed by fire at night.  The fire was discovered about 11:30 o'clock.  Nothing was known as to its origin.  There were indications that it started at the corn-crib and was carried by the wind

to the other buildings. Corn in the shock, hay, and fodder were in the corn-crib, and there was pine straw where a mule was kept on the side. There was some hay in the stable, and fodder was kept in the loft of the barn. The weather was dry. Hicks and his sons were there shortly after sunset and fed the stock. They testified that they did not smoke or have matches there. It was testified that tracks were discovered near the burned buildings the next morning, that the tracks came from and went back to where Oliver Hurt (the defendant) lived, about a mile from the buildings, and that they were his tracks; that he formerly worked on the farm, and, about four months before the fire, he had a disagreement with Eli Hicks as to what was due him in a settlement between them, and said that Hicks was doing "just like old man Tom Bryant," and he "ought to have set him afire and burned him out," and that he would burn out the next man that did him that way, if it cost him a lifetime sentence; that the next morning after this disagreement with Eli Hicks, and when about to move from the farm, he said he was going to have his revenge and the world would see it, and "he would make Hicks lose a heap more than he would be equal with him." It was testified that when arrested on the next day after the burning, Hurt said that he stayed with Nim Thomas the night before. Thomas denied this.

Citations by counsel: *Moore* v. *State,* 14 *Ga. App.* 255 (80 S. E. 507); *Beasley* v. *State,* 12 *Ga. App.* 256; *Boatright* v. *State,* 10 *Ga. App.* 29; *Stanley* v. *State,* Id. 153; *Garnett* v. *State,* Id. 114; *Morris* v. *State,* 12 *Ga. App.* 810; *Hawthorne* v. *State,* Id. 811; *Ford* v. *State,* 13 *Ga. App.* 68; *Watson* v. *State,* Id. 181; *Prater* v. *State,* 16 *Ga. App.* 296; *Williams* v. *State,* 15 *Ga. App.* 306 (6, 7).

*R. N. Holtzclaw,* for plaintiff in error.
*John P. Ross, solicitor-general,* contra.