## POPE *v.* THE STATE.

1. The court's definition of malice given in his charge to the jury, while not entirely accurate, is substantially correct.
2. Under the theory of the case presented by the defendant himself, the charge as given by the court, that the issue to be tried by the jury was whether or not the defendant fired the shot which resulted in the death of the deceased, was not error.
3. There being nothing in this case to authorize the jury to consider the issue as to whether the killing was justifiable or was manslaughter, it was not error hurtful to the accused for the court to instruct the jury that when an unauthorized killing occurs the law presumes that it was done with malice, unless the proof shows a lawful killing; that in the absence of all else, the law implies that it was done with malice aforethought.
4. The charge of the court upon the subject of the impeachment of witnesses does not require the grant of a new trial.
5. The court's charge to the jury that if they were satisfied beyond a reasonable and moral certainty and beyond a reasonable doubt that the defendant was guilty of murder, they should so find, was not error.
6. The exception to the ruling of the court admitting the evidence set forth in the sixth ground of the amended motion for a new trial does not show what objection, if any, was urged to the question.
7. The refusal of the court to allow the jury to visit and view the premises, the scene of the alleged crime, is not a good ground for the grant of a new trial, as under the facts of this case that matter was within the discretion of the court.
8. The newly discovered evidence, which apparently could not have been discovered before the trial in the exercise of proper diligence, is not of such character as to authorize a reversal of the judgment of the court below refusing a new trial.

               No. 2028.    DECEMBER 14, 1920.

Indictment for murder. Before Judge Hodges. Oglethorpe superior court. March 15, 1920.

*Hamilton McWhorter Jr., Joel Cloud, F. A. Hooper & Son,* and *Spencer R. Atkinson,* for plaintiff in error.

*R. A. Denny, attorney-general, A. S. Skelton, solicitor-general, Graham Wright, W. W. Armistead,* and *Paul Brown,* contra.

BECK, P. J. Evans Pope was tried under an indictment charging him with the offense of murder; and the jury trying the case returned a verdict of guilty, with a recommendation of life imprisonment. The defendant's motion for new trial was overruled.

1. The court in his charge to the jury defined malice as follows: "Malice is a state of mind, or intention, to kill under such circumstances as the law would not justify nor in any way excuse the intention if the killing occurred. It is the deliberate

intention unlawfully to take the life of a human being under
such circumstances as would not justify or excuse that intention
if the killing occurred." While not entirely accurate, the charge
as given is not ground for the grant of a new trial. *Mann* v.
*State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934);
*Worley* v. *State,* 136 *Ga.* 231 (71 S. E. 153). If the defendant
desired a more precise definition of malice, one more nearly
adapted to his theory of the case under the facts and circum-
stances proved, it should have been requested of the court.

2.   The court gave to the jury the following instructions: "The
defendant in this case by his plea contends that he did not fire
the fatal shot that killed the deceased. The State, on the other
hand, charges and attempts to prove that the defendant did fire
the fatal shot that resulted in the death of the deceased; and
that forms the issue for you to try in this case." No witness
claiming to be an eye-witness to the shooting testified that the de-
fendant fired the deadly shot. The defendant himself in his
statement, in effect, denied shooting at all. He did not say ex-
pressly that he did not shoot, but his statement taken in its en-
tirety amounts to a denial upon his part that he did the shooting
which resulted in the death of McLendon. He recites in that
statement how his daughter jumped out of a window and he went
up the road in pursuit of her, and how, on the road, he met one
Horace Johnson and inquired of him if the latter had met any
one, to which Johnson replied in the affirmative, naming the
place. The accused then states that he then went further along
the road, walked up to the door, knocked on it two or three times,
and that after a while "they shot—they shot again, and I heard
somebody talking very low, and somebody came to the door and
said, 'I don't want to kill you.'" Thereupon, the defendant
states, he told his wife and requested her to go with him "and
she went up there with me, and she knocked on the door, and
they wouldn't let her in, and she came back. We got in the car
and went down the road and went back home, and that is the way
it was." The statement is very vague and indefinite as to how
far the prisoner followed his daughter; it barely indicates what
house he went to and what he did there. But upon the vital
question as to whether he fired a gun or pistol, the statement
makes a practical denial that he shot. He says that he knocked

on the door, "and they shot." The court had the right to charge the jury on the theory that the defendant denied the shooting.

3. In the absence of a contention upon the part of the defendant that the killing was justifiable or that it was voluntary manslaughter, the court was not bound to present the issues as to whether the killing was justifiable homicide or manslaughter. We do not mean that it was necessary for the defendant distinctly to claim in his statement that the killing was manslaughter or justifiable homicide. If he had introduced witnesses whose testimony showed that the defendant did the killing under circumstances that would render it justifiable or reduce it from murder to manslaughter, then the court should have charged upon the subject of justifiable homicide or manslaughter. But there is nothing in the evidence that presented the theory that the killing was justifiable or was manslaughter. The testimony of one of the State's witnesses, that he heard Evans Pope's voice outside of the house, saying, "These negroes have shot at me three times, and I ain't done nothing," which was admitted as a part of the res gestæ, did not require a charge upon justifiable homicide or manslaughter. The court charged the jury that "When an unauthorized killing occurs the law presumes it was done with malice, unless the proof shows a lawful killing; in the absence of all else, the law implies that it was done with malice aforethought." Under the facts of this case, this charge is not error.

4. The court's charge to the jury that if they believed any witness had sworn wilfully and knowingly falsely, the testimony of such witness should be disregarded, unless so corroborated by circumstances or other evidence unimpeached as to be irresistible, states the rule too broadly, and it would have been more correct to have charged the language of the statute; but the charge does not require the grant of a new trial. See the cases of *Ivey* v. *State,* 23 *Ga.* 576; *Fishel* v. *Lockard,* 52 *Ga.* 633; *Pierce* v. *State,* 53 *Ga.* 365.

5. Nor did the court err in instructing the jury that if they were satisfied beyond a reasonable and moral certainty and beyond a reasonable doubt that the defendant was guilty of murder, they should so find, — giving them the form of verdict in that case. The evidence upon which the defendant was convicted was circumstantial, but there is no complaint that the court did not

charge the rule of evidence which should be given in cases based upon circumstantial evidence. It is therefore to be presumed that he did. The mere fact that he did not charge it in connection with the charge last quoted does not render that charge erroneous.

6-8. The rulings made in headnotes 6, 7, and 8 require no elaboration.

*Judgment affirmed. All the Justices concur, except Atkinson J., dissenting from the ruling in the 4th headnote.*

GILBERT, J., concurring specially. The charge dealt with in the fourth headnote and the corresponding division of the opinion was an erroneous statement of the law, and should be definitely disapproved. Under the facts of this case the error should not require a new trial.