12357. PAYNE, director-general, *v.* REESE, next friend.

STEPHENS, J. 1. Where under the evidence it was a question for the jury whether a material witness for the prevailing party, upon whose testimony the jury may have relied in finding a verdict, swore willfully and knowingly falsely, and was uncorroborated, it was error for the judge, in the absence of any instruction, in his general charge to the jury, as to the rule governing the weighing of the testimony of a witness who has sworn willfully and knowingly falsely, to refuse to charge, after having been timely and properly requested in writing so to do, that part of section 5884 of the Civil Code (1910) which reads as follows: "If a witness swear willfully and knowingly falsely, his testimony ought to be disregarded entirely, unless corroborated by circumstances, or other unimpeached evidence." See *Pierce* v. *State*, 53 *Ga.* 365 (1); *Pope* v. *State*, 150 *Ga.* 703, 705 (4) (105 S. E. 296).

2. The evidence authorized a charge by the court based upon the hypothesis that the act of the plaintiff at the time of his injury was due to the existence of an " emergency."

3. The trial court erred in overruling the motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 10, 1922. REHEARING DENIED FEBRUARY 28, 1922.

Action for damages; from city court of Richmond county — Judge Black. March 8, 1921.

*Cumming & Harper, F. B. Grier,* for plaintiff in error, cited Civil Code (1910), § 2884; *Pelham & Havana R. Co.* v. *Elliott,*

11 *Ga. App.* 621; *Ware* v. *State,* 18 *Ga. App.* 107 (3); *Hunter*
v. *State,* 19 *Ga. App.* 615; *Jeffers* v. *State,* 145 *Ga.* 77; *Rice* v.
*City of Elberton,* 15 *Ga. App.* 505, 508.

*A. L. Franklin, John M. Graham,* contra, cited: Civil Code
(1910), § 2884; *Brown* v. *State,* 10 *Ga. App.* 50 (2), 56; *Ware* v.
*State,* supra; *Waycaster* v. *State,* 136 *Ga.* 95 (3), 102; *Sims* v.
*Scheussler,* 5 *Ga. App.* 851, 852; Stevens, Index-Dig., Vol. 1,
p. 468, catchword " Perfect "; 11 Enc. Pl. & Prac. 337; 31 Mo.
406; 29 Mo. 215, 217. Citations for plaintiff in error distinguish-
ed. Cited also, on motion for rehearing, 2 Thomp. Trials (ed.
1889), § 2424; *Pierce* v. *State,* and *Pope* v. *State,* supra, dis-
tinguished.

### ON MOTION FOR REHEARING.

STEPHENS, J. 1. We realize that the weight of foreign author-
ity is with the contention of the defendant in error that it is a
question for the jury in all cases as to what credit shall be given
to any witness, even though the witness has, in the opinion of the
jury, sworn wilfully and knowingly falsely, and even though his
testimony be uncorroborated. The law in Georgia, however, seems
to be settled otherwise and in accordance with the rule announced
above in the first headnote. As we understand it, the language
of section 5884 of the Civil Code (1910), by the use of the
word " ought," where it states that such witness's testimony
" ought to be disregarded entirely," is mandatory, and the jury ·
is bound, under the circumstances there mentioned, to disregard
the testimony of such a witness. Of course it is for the jury to
say and determine whether or not the witness has in point of
fact thus sworn wilfully and knowingly falsely. Mr. Seymour
D. Thompson, in his work upon the Law of Trials (ed. of 1889),
recognizes that the rule in Georgia, in reference to the testimony
of an uncorroborated witness who has in the opinion of the jury
sworn wilfully and knowingly falsely, is mandatory upon the jury
and is in conflict with the weight of authority generally. " It
is, on the clearest principles, error for the judge to advise the
jury that the testimony of a witness who has knowingly sworn
falsely to a material fact is to be disregarded or disbelieved, un-
less corroborated by other testimony or by circumstances. There
is no rule which imperatively requires a jury to reject the testi-

mony of such a witness, and such an instruction clearly invades their exclusive province of saying what witnesses they will believe and what they will disbelieve. It is to be regretted that any diversity of judicial opinion should have arisen upon so plain a question. We find, however, that the Supreme Court of Georgia has arrived at the conclusion that the true rule and the one that is proper to be given in charge to the jury when the question arises, is that, if a witness knowingly and wilfully swears falsely in a material matter, his testimony should be rejected entirely, unless corroborated by the facts and circumstances of the case, or by other credible evidence; and that court has held that it is error for the trial court to charge the jury that credit may be given to such a witness, without also stating the necessity for such corroboration." 2 Thompson on Trials (ed. of 1889), § 2424.

We are bound by the decision of the Supreme Court in *Pierce* v. *State,* 53 *Ga.* 365, and what appears to be the plain and unambiguous language contained in section 5884 of the Civil Code (1910). By the adoption of the Code by the legislature this section has the force and effect of a statute, and seems to be but a codification of the rule as laid down by the Supreme Court of Georgia and criticized by Judge Thompson as being in conflict with the general authority. The case of *Ware* v. *State,* 18 *Ga. App.* 107 (89 S. E. 155), is not in conflict with the ruling here made. That case simply holds that the extract above quoted from this section of the code is not intended to abridge the right of the jury to determine the "*credibility*" of witnesses, which means of course, as is the law, that whether or not such witness has sworn falsely, whether wilfully and knowingly, or otherwise, must first be determined by the jury. After the jury has determined that the witness has sworn wilfully and knowingly falsely, thus determining his credibility, and is uncorroborated in any manner, then it is mandatory upon the jury to disregard the testimony of such witness entirely.

*Motion for rehearing denied. Jenkins, P. J., concurs. Hill, J., absent on account of illness.*