*C. H. & R. S. Cohen, F. S. Burney,* contra.

---

14261. BULL & SON *v.* CARPENTER, trustee.

1. No error is shown in the refusal of the trial judge to charge as requested by the plaintiffs. In his answer to the writ of certiorari the judge certified that the requests were "refused for the reason that all the issues involved were covered in the general charge of the court." The charge is not in the record. "An assignment of error on the refusal to give a written request to charge cannot be considered when the trial judge certifies that he covered the request in his instructions to the jury, and the charge of the court is not specified as a part of the record to be transmitted to this court." *Tucker* v. *Cen. Ry. Co.,* 122 *Ga.* 387 (7), 393 (50 S. E. 128). This rule, relating to writs of error in the appellate courts from judgments on motions for new trial, is applicable to writs of certiorari to the superior court, where the charge is not included in the petition, attached exhibits, or answer of the trial judge, and where the trial judge, as here, answers in effect that the request was "covered in the general charge." In such a case the superior court, and this court on a bill of exceptions from its judgment, "must assume that the request to charge was sufficiently covered by other instructions given to the jury as to the matter to which it

related." *Freeman* v. *Mencken,* 115 *Ga.* 1017, 1020 (42 S. E. 369);
*Mickleberry* v. *O'Neal,* 98 *Ga.* 42 (5) (25 S. E. 933).

2. The verdict cannot be set aside as being without evidence to support
it, for the reason set forth in the opinion.

DECIDED SEPTEMBER 19, 1924.

Certiorari; from Tift superior court—Judge Eve. December
19, 1922.

*J. J. Bull & Son, J. H. Pool, Fulwood & Murray,* for plaintiffs.
*J. S. Ridgdill, S. F. Mitchell,* for defendant.

JENKINS, P. J. This was a suit brought by a firm of attorneys
against a trustee for a sum claimed to be due for legal services,
under an express oral contract alleged to have been made by a
predecessor in office of the defendant trustee. In addition to their
own evidence in support of their claim, the plaintiffs offered the
interrogatories of the former trustee, testifying positively that he
had employed the plaintiffs and made a contract with them to
represent him as trustee, and that they had successfully represented
the trust estate. The defendant, however, offered in rebuttal the
depositions of this same former trustee, taken subsequently to his
interrogatories, in which he affirmatively denied the making of any
contract as trustee or for the trust estate with the plaintiffs, swore
that he had contracted solely as an individual for the representation
only of his individual interest, which was involved, and made no
explanation of his conflicting testimony contained in the inter-
rogatories sued out by the plaintiffs.

As we first conceived the case, it would be controlled by an
answer to the following question certified to the Supreme Court:
"Where a suit is brought against a trustee for a sum alleged to be
due for legal services under and by virtue of an express oral
contract alleged to have been made with a predecessor in office
of the defendant trustee, and where, in support of his own evidence
that such contract was made, the plaintiff introduces the inter-
rogatories of the former trustee, by which the making of the
alleged contract is corroborated, but the defendant, the present
trustee, introduces in rebuttal depositions of the same former
trustee, taken subsequently to his interrogatories, in which deposi-
tions he affirmatively denies the making of the contract sued on,
but without any explanation of his conflicting testimony as con-
tained in the interrogatories sued out by the plaintiff, and where
there are no other facts or circumstances in evidence supporting

a verdict rendered in favor of the defendant, must the verdict be set aside as being 'without evidence to support it and contrary to law,' on the theory that it is necessarily based solely upon the evidence of a witness who has knowingly and wilfully testified falsely to a leading and material fact respecting which there could be no mistake or misapprehension?" 158 *Ga.* 360. See *Glenn* v. *Augusta Ry. Co.,* 121 *Ga.* 80, 82 (48 S. E. 684) ; *Plummer* v. *State,* 111 *Ga.* 839 (1, 2) (36 S. E. 233) ; *Pierce* v. *State,* 53 *Ga.* 365 (1), 368; *Pope* v. *State,* 150 *Ga.* 703 (4), 705 (105 S. E. 296) ; *Garland* v. *State,* 124 *Ga.* 832 (3), 835 (53 S. E. 314) ; *Williams* v. *State,* 69 *Ga.* 1, 34 (28) ; *Cen. of Ga. Ry. Co.* v. *Mote,* 131 *Ga.* 166 (8) (62 S. E. 164) ; *Payne* v. *Reese,* 28 *Ga. App.* 180, 181 (110 S. E. 740) ; *Haverty Furniture Co.* v. *Calhoun,* 15 *Ga. App.* 620 (1), 621 (84 S. E. 138) ; *Ford* v. *State,* 13 *Ga. App.* 68, 69 (78 S. E. 782). Upon further examination of the record, however, and after the filing of additional briefs, we do not think it necessary to determine the question we have just indicated. We find that the evidence of the witness referred to as given in his depositions for the defendant was to an extent corroborated by the evidence of the subsequent trustee against whom the suit was brought. The latter testified: "It was my understanding that J. J. Bull & Son (plaintiffs) represented J. C. Parker (the former trustee) in the suit to recover his *individual* part of the estate, and carried the case to the Supreme Court and lost the case." See *Parker* v. *Parker,* 147 *Ga.* 432 (94 S. E. 543). The contention of the defendant was that the representation and the services of the plaintiffs to the former trustee were solely for his individual interest and in his individual capacity. While hearsay evidence will not support a verdict, or afford corroboration of a witness who has testified wilfully and knowingly falsely, under section 5884 of the Civil Code (1910), the language of the witness that it was his "understanding" as to certain facts, otherwise positively stated, cannot be rejected as hearsay, but, without further explanation, will be taken as resting upon actual facts within the personal knowledge of the witness. Such a statement could have been tested on cross-examination, and, in the absence of any modification or explanation on further examination, or any exception after timely objection to such evidence, cannot be disregarded. "A verdict which is entirely without any evidence to support it is contrary

to law, but a verdict based upon secondary evidence introduced without any objection may be valid, and the same is true where the verdict rests upon sufficient testimony possessing probative value, even though such testimony would not have been competent if a timely and appropriate objection had been made at the trial." *Ga. Coast &c. R. Co.* v. *Herrington,* 14 *Ga. App.* 539 (2) (81 S. E. 814). "An opinionative statement of a witness, even though it be a conclusion unsupported by such facts as are necessary" to show its correctness, "where no objection is urged thereto upon the trial, cannot be challenged for the first time upon review, as incompetent and insufficient." *Hutchinson* v. *State,* 8 *Ga. App.* 684 (1), 685 (70 S. E. 63).

> *Judgment affirmed. Stephens and Bell, JJ., concur.*