### 15537.   WILLIAMS *v.* GREEN.

JENKINS, P. J.   1.   "A motion to continue the trial of a case is addressed to the sound discretion of the trial court, and its judgment thereupon will not be reversed except where the discretion is flagrantly abused." *Hilton* v. *Haynes,* 147 *Ga.* 725 (2), 727; Civil Code (1910), § 5724.   The court did not abuse its discretion in refusing the plaintiff's motion for a continuance, based on the ground of surprise, where the defendant, to meet the plaintiff's special demurrer, amended his plea of recoupment by merely itemizing a lump amount claimed as damages in his original plea.

2. The court did not err in overruling the plaintiff's demurrer as to the item in the defendant's plea setting up that, "as ·a result of said accident, his said automobile has depreciated in value of not less than $50," the demurrer as to that item being based solely on the ground "that the defendant can not legally recover the item of $50 set forth in paragraph seven of said plea."

3. The fact that one against whom a finding and judgment are rendered in the municipal court of Atlanta makes in that court a motion for new trial, but abandons it, and it is dimissed for want of prosecution, will not prevent him from assigning error on the original judgment, in a timely petition for certiorari, on the ground that the finding and judgment are contrary to law, as without evidence to support it.

4. The evidence, although conflicting, authorized a finding for the defendant on the issue of the respective diligence and negligence of the parties in the collision of their automobiles, and likewise sustained the finding and judgment as to the item of $28.60 expended by the defendant in having his car repaired.   Evidence, however, was wholly lacking to sustain the item of $50 claimed on account of the alleged depreciation of the car in consequence of the collision.   The only testimony in this connection was that of the defendant himself, as follows:   "I am not familiar with second-hand car values,—in fact know nothing about depreciation of second-hand cars as the result of use or accident; never bought a second-hand car in my life.   Think this car has depreciated $100 in value since the accident; think it worth to-day $100 less than at the time of the accident."   The only damage, só far as in any way indicated by the evidence, was to the "fender and axle" of the car, for which, the defendant testified, he paid the item claimed for repairs "to have it ·put in proper shape."   The case was

tried on June 20, 1923, and the collision was on May 1, 1923. The evidence of the defendant, which must be taken most strongly against him, not only specifically indicates that the only injury to the car was thus "put in proper shape," but the general reference to depreciation, which is in seeming conflict with his specific testimony, even if it might otherwise be considered under the rule stated in *Bull* v. *Carpenter*, 32 *Ga. App.* 637 (124 S. E. 381), is in no way connected with the injury, but such depreciation might have resulted from other causes. The item of $50 included in the recovery of the defendant being contrary to law, as unsupported by evidence, the judgment is affirmed, provided the defendant shall see proper to write off this item of his recovery at the time the judgment of this court is made the judgment of the court below; otherwise the judgment of the superior court overruling the certiorari is reversed, and a new trial granted.

*Judgment affirmed, on condition.  Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 15, 1924.

Certiorari; from Fulton superior court—Judge Ellis. February 14, 1924.

*Hutcheson & Morris*, for plaintiff.

*McDaniel & Neely, H. L. Greene*, for defendant.