44000. BLALOCK v. THE STATE.

SUBMITTED OCTOBER 9, 1968—DECIDED NOVEMBER 12, 1968.

*Howe & Murphy, Harold L. Murphy,* for appellant.

DEEN, Judge. No evidence in this case at any time places Blalock at the location of the Daniels home which was burned. Although certain valuables were missing from the house after the fire, none was ever connected with the defendant. No other motive was suggested. There was expert testimony from which the jury was authorized to find that the fire was hastened by some fuel additive such as gasoline, and the testimony of a dentist that teeth found in the ashes along with part of a jaw-bone belonged to Perryman, but Blalock's connection with Perryman shows no more than that they plus a third man driving a borrowed truck stopped at a service station about two miles west of Tallapoosa (the fire was near Waco, several miles south of Tallapoosa) about an hour before the fire was discovered; that Perryman purchased some gasoline which was given him at his request in a watering can, and that the remains of a similar watering can were found on the burned premises. Blalock contended that he had requested a ride from the AmVet Club, where Perryman and his companion borrowed the truck, to Tallapoosa, which they could have passed through if the truck was driven on to Waco, and that he left the others at this point. Assuming that the evidence was sufficient to rebut the presumption of accidental fire (*Hurt v. State,* 18 Ga. App. 110 (88 SE 901); *Wade v. State,* 195 Ga. 870, 875 (25 SE2d 712)), and assuming also that the evidence was sufficient to identify the remains found in the ashes as those of Perryman, we are faced with the fact that the indictment charged Blalock with death-producing arson under *Code* § 26-2206, and the jury's verdict has to mean either that Perryman was not killed or the fire did not produce Perryman's death. Perryman's remains, if they were such, are the only circumstance in any way connecting Blalock with the fire, and that only by the tenuous circumstance that the men were seen together about an hour previously, at which time Perryman asked for gasoline in a container. The evidence may be strong enough to raise a serious suspicion of

guilt, but it is entirely circumstantial and is insufficient to exclude every other reasonable hypothesis. *Kinsey v. State*, 12 Ga. App. 422 (4) (77 SE 369) ; *Pyant v. State*, 46 Ga. App. 490 (167 SE 922) ; *Jones v. State*, 50 Ga. App. 97 (176 SE 896) ; *Ross v. State*, 109 Ga. 516 (35 SE 102) ; *Williams v. State*, 123 Ga. 278 (51 SE 344).

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*