## 48270. ADKINS v. PRICE.
## 48271. ADKINS v. WEST.

HALL, Presiding Judge. Wilbur Adkins, defendant below, appeals from jury verdicts awarding damages to Mrs. Price and Mrs. West, plaintiffs below in their damage suits against him arising

from an auto collision. The sole issue raised here is whether a jury question was presented as to whether Adkins had been adequately identified as the owner or driver of the car which struck that of plaintiffs.

Adkins did not appear at trial, and there was no in-court identification. However, Mrs. Price's testimony was that the defendant, Adkins, was the man driving the car that collided with hers. No objection was made to this testimony, and on cross examination it was not attacked.

Adkins asserts on appeal that her identification of him was merely a conclusion; but in the factual setting which pertained at trial it was adequate evidence for the jury: "[T]he language of the witness that it was his 'understanding' as to certain facts, otherwise positively stated, cannot be rejected as hearsay, but, without further explanation, will be taken as resting upon actual facts within the personal knowledge of the witness. Such a statement could have been tested on cross examination, and, in the absence of any modification or explanation on further examination, or any exception after timely objection to such evidence, cannot be disregarded." *Bull & Son v. Carpenter,* 32 Ga. App. 637, 639 (124 SE 381).

This is not a circumstantial evidence case, and we are not presented with hypotheses of any sort. The jury were authorized to find that Adkins was the driver.

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED MAY 30, 1973 — DECIDED SEPTEMBER 6, 1973.

*Harmon & Smith, Nolan B. Harmon, Howard W. Jones,* for appellant.

*Harry A. Ellis, Jr.,* for appellees.