## GLENN v. AUGUSTA RAILWAY AND ELECTRIC CO.

The rule of evidence, falsus in uno falsus in omnibus, is applicable only to cases where a witness swears to a falsehood willfully and knowingly ; but in a case where the only testimony to which it could apply must in the nature of things be either true or knowingly false, it is not error requiring the grant of a new trial for the court to charge the jury that "The principle of law to be applied to the testimony of witnesses is, that if you find them false in one thing, the presumption is they are false in everything testified."

Argued October 4,—Decided October 17, 1904.

Action for damages.　Before Judge Hammond.　Richmond superior court.　June 27, 1904.

*Irvin Alexander* and *Pierce Brothers*, for plaintiff.
*Boykin Wright*, for defendant.

CANDLER, J.　This was a suit against a street-railway company, for damages alleged to have been sustained by the negligent hand-ling of the defendant's car, by reason of which, according to the petition, the car ran off the track, gave a sudden and violent lurch, and threw the plaintiff against the back of a seat, wounding and bruising him.　It was alleged that the motorman in charge of the car "left his place upon the front of the car with no one in charge, . . and came inside the car, negligently leaving the car with no one in charge of the machinery to keep a lookout and be on the alert for any occurrence that might endanger or imperil the lives of the passengers aboard."　This allegation was sup-ported by the positive testimony of the plaintiff, but was as posi-tively denied by the witnesses for the defendant.　The jury found for the defendant.　The plaintiff moved for a new trial, which was denied, and he excepted.

It is urged that the court erred in charging the jury as follows: "The principle of law to be applied to the testimony of witnesses is, that if you find them false in one thing, the presumption is they are false in everything testified.　That is a matter the court has no right to give you positive instructions on as applied to the testimony of any witness, but I give you that principle of law to apply to the testimony of any witness that may have testified in this case."　This charge is unquestionably open to the objection that it fails to take into consideration the possibility of an honest mistake on the part of the witness.　Had the judge preceded the word "false" by the words "knowingly and willfully," there could have been no fault to find with the entire accuracy of the charge. But even as it is, in view of the peculiar circumstances of this case, we can not say that the inaccuracy of the charge had a tendency to injuriously affect the rights of the plaintiff, and we are therefore of the opinion that it should not work the grant of a new trial.　The only point upon which there was any conflict in the evidence was as to whether, at the time of the derailment of the car and just prior thereto, the motorman was at his post of

6

duty, or was inside the car talking to the conductor, leaving the car running with no one in control of its movements. The plaintiff and one other witness swore positively to the latter alternative, while several witnesses for the defendant contradicted them with equal positiveness. Said the plaintiff: "The motorman came inside, and the conductor asked him would he have breakfast, and he told him no, he had had breakfast; and he went outside, and he called him inside again and asked him wouldn't he have some coffee, and he said he believed he would; and while he was standing in there drinking the coffee he left the car alone by itself. . . The motorman had been inside the car about two minutes. It is true that the motorman was inside the car; I am positive of that. He was about two feet from the door, in the middle of the aisle, on the inside of the car." To the same effect was the testimony of Isaac Jenkins, a witness for the plaintiff. From the minuteness of circumstantial detail with which these witnesses told their story, and the positiveness of their assertions, it will be seen that in the nature of things they must either have told the truth, or have willfully and knowingly told a falsehood. There is no possible room for the hypothesis that they were honestly mistaken in their testimony. This being the case, and these witnesses being the only ones introduced by the plaintiff to whose evidence the charge complained of could apply, we can only hold that the failure to so limit the charge as to make it expressly applicable to those whose testimony is willfully and knowingly false was not such error as will require a reversal of the judgment refusing a new trial.

The remaining grounds of the motion are without merit, and do not require elaboration here. Permitting counsel for the defendant to recall the witness Williams for cross-examination, after he had been examined and excused and a recess taken, was entirely within the discretion of the trial judge. One of the charges excepted to, even if erroneous, was in its tendency more harmful to the defendant than to the plaintiff, while the other was unobjectionable as a statement of the legal principle applicable to the case. The verdict for the defendant was fully warranted by the evidence.      *Judgment affirmed. All the Justices concur.*