## PRICE *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

FISH, C. J. 1. This court has held in this case: "It is reasonably to be expected of a railway employee, who is engaged in the performance of duties in and around one of the freight yards of his master, that he shall avail himself of his opportunities to familiarize himself with his surroundings and note the location of a culvert passing under an embankment along which tracks are laid, to the end that he may guard against the obvious danger of falling into the culvert in the event his duties call him in the night-time to the point where it is situated; and if he be injured by falling into the same, he can not be heard to say that though he knew of its existence, and notwithstanding he had previously had full opportunity to acquaint himself with its relative location, he did not in point of fact know exactly where it was, and that his master should have warned him of the danger of falling into it before sending him at night to attend to his duties on and around an engine which had been left directly over the culvert." 121 *Ga.* 651. The evidence on the trial now under review was the same as that on the former trial, to which the above ruling was applied. Accordingly, the plaintiff below was not entitled to recover, and the court did not err in directing a verdict for the defendant company. There was no conflict in the evidence as to the facts of the case to which the above-quoted ruling was applied.

2. Section 5331 of the Civil Code, authorizing the court to direct the jury to find a verdict for the party entitled thereto, where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, demands a particular verdict, is not repugnant to the constitution of this State, as impairing the right of trial by jury. *Tilley* v. *Cox*, 119 *Ga.* 867.

3. Assignments of error not referred to in the brief of counsel for the plaintiff in error are considered as abandoned.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who did not preside.*

Argued November 29, 1905.—Decided February 19, 1906.
Rehearing denied March 3, 1906.

Action for damages. Before Judge Hodges. City court of Macon. March 20, 1905.

*Joseph H. Hall, Glawson & Fowler,* and *Warren Roberts,* for plaintiff. *Hall & Wimberly* and *J. E. Hall,* for defendant.

### ON MOTION FOR REHEARING.

FISH, C. J. 1. A motion for a rehearing is made upon the ground, amongst others, that the former decision in this case, reported in 121 *Ga.* 651-659, had been misapprehended. After stating the general theory of the plaintiff's case, the court said, at page 655 : " If this represents the real truth of the matter, then it was for the jury to say whether or not the plaintiff, on this occasion, acted with due caution and circumspection." It will be observed that an important element stated in the summary of facts presenting the plaintiff's theory was that the plaintiff "did not know of the existence of any culvert in that part of the company's yard, . . and had no reason to apprehend that the engine had not, as always theretofore, been left in a place of safety." The court in the former decision, after stating this theory of the plaintiff, immediately said : "But the contention of the company is that such does not constitute the entire truth surrounding the occurrence, even though the plaintiff gave a truthful account of the manner in which he received his injury. . . Moreover, it insists that even if the plaintiff did not have actual knowledge of the precise location of this culvert and open ravine in its yards, his opportunities for knowing all about the same had previously been such that he can not now be heard to say that the company was under any duty to give him notice thereof, to the end that he might, on the night of February 17, have watched out for and discovered the culvert and have observed that engine 1001 had been placed directly over it. The defense thus interposed was such as, if sustained, would defeat any recovery by the plaintiff. *Blackstone* v. *Railway Co.,* 112 *Ga.* 762, and cit. And this defense was supported by testimony which demonstrated that if Price did not have actual knowledge of the existence and precise location of the culvert, his opportunities for knowing had been such that the law would impute knowledge to him." Then follows a discussion of the plaintiff's means of knowledge of the location of this culvert. The facts were all enumerated, and the court declared that, "With such opportuni-

ties for obtaining knowledge of the location of the culvert, the conclusion is irresistible that an ordinarily prudent man, under similar conditions, would have known of its location." This was a direct adjudication that, upon the undisputed facts, the plaintiff was not entitled to recover. The decision as reported in 121 *Ga.* was based upon the former cases referred to in the opinion. See *Blackstone* v. *Railway Co.,* 112 *Ga.* 762, and cit. When the decision was announced, no motion for a rehearing was made, and what was then decided became res adjudicata. So far as every question decided when the case was before the court in the first instance is concerned, the decision is binding on this court, as stating the law of the case, both as an abstract proposition and as applicable to the facts of the particular case. *Gray* v. *Conyers,* 70 *Ga.* 349; *Henderson* v. *Central Railroad,* 73 *Ga.* 718(3). So strictly has this rule of res adjudicata been applied that it has been held that this court is bound by a former majority decision in the same case, although upon its second appearance the court, as then constituted, disapproves of the majority decision previously rendered. *Saulsbury* v. *Iverson,* 73 *Ga.* 733. So that it is not a question as to whether the original decision pronounced in 121 *Ga.* is or is not correct, either in its statement or in its application of the law.

2. The motion for a rehearing is further predicated upon the ground that this court "overlooked that portion of the record in which, in the original petition, a count is laid for damages under the general law regulating the general duties of master and servant, and, by its decision, the court confined the plaintiff in error's right to recovery to the statute that he must show himself free from fault. He could recover under this count, if it had not been overlooked by this court, because the negligence that this court found him guilty of was only contributory negligence, and this would not defeat his right of recovery under the law." This feature of the case was not specially discussed, for the reason that under the case made by the plaintiff, and under the former ruling of this court, the law of apportionment of damages was inapplicable. The rule was stated in *Central Railroad* v. *Henderson,* 69 *Ga.* 715, to be that "where the injury did not result from the running of trains, and was disconnected therefrom, but resulted from the existence of a dangerous hole in the ground held by the company in con-

nection with its depot, at which the injured party was an agent, it would be necessary for him to be wholly blameless to authorize a recovery." See also collection of cases in 9 Enc. Dig. Ga. Rep. 270, under the head of "Contributory Negligence of Servant."

3. As another reason for a rehearing, movant insists that at the time the case was argued his counsel, "by reason of illness and suffering, was not in a condition to present his cause to the court." This court has ever been considerate in the matter of granting motions for continuance or postponement of cases for providential cause. No request was made of the court, when this case was called for a hearing, to either postpone it to a later day during the term or to continue it to the next term. It is now too late to bring this matter to the attention of the court.