ENGLISH *et al.* v. ROSENKRANTZ; *et vice versa.*

The questions propounded by the Court of Appeals in the present case are not such as this court is required or authorized to answer, under the law authorizing the Court of Appeals to certify questions to the Supreme Court.

No. 1900.    JANUARY 13, 1921..

The Court of Appeals (in Cases Nos. 10528, 10529) propounded to the Supreme Court, as questions the determination of which is necessary for a decision in this case, the following:

"Mrs. Rebic Rosenkrantz sued J. W. English, Harry L. English, James D. Robinson, Emily English Robinson, Jennie English Kiser, John K. Ottley, and Harry L. English in his capacity as administrator of the estate of James W. English Jr., and attached to her petition a certain agreement entered into July 11, 1900, marked Exhibit A, and which was signed by James W. English, James W. English Jr., Rebie Lowe English, Emily A. English,

Emily English Robinson, Harry L. English, Jennie English, James D. Robinson, John K. Ottley, and John K. Ottley as trustee for Edward English. In her petition she alleged that the terms of said agreement had been violated, resulting in damage to her to the amount of $100,000. Demurrers to the petition were filed. Paragraph 10 of the demurrer, which attacked paragraph 42 of the petition, was sustained, and the portion of that paragraph demurred to was stricken out. After the petition was twice amended, the defendant renewed his demurrer to the petition as amended; and the court passed the following order: "The demurrers of defendant and amended demurrers to the petition as amended coming on to be heard, after argument and considera-tion thereof it is ordered and adjudged that said demurrer [demur-rers?] as amended be and are overruled." To this order defend-ants excepted, and to the order sustaining ground 10 of the demurrer plaintiffs excepted. The records show all pleadings in the case. The questions upon which the Court of Appeals desires instructions are:

"1. Did the court err in sustaining paragraph 10 of the demurrer to paragraph 42 of the petition, and in striking that portion of said paragraph attacked by the demurrer?

"2. Is the contract, attached to the petition and marked Exhibit A, without consideration, a nudum pactum, and such as can not be the basis of a legal action?

"3. Is the contract just referred to (Exhibit A) contrary to public policy and void? Is it illegal and void for any reason, or is it legal and binding upon all the parties thereto?

"4. Is the petition subject to the demurrer interposed (grounds 8 and 9) because "it is nowhere alleged in said petition that the plaintiff was Rebie Lowe English at the date of the death of James W. English Jr., and became his widow on his death," or because "there are no allegations in said petition averring whether the plaintiff was the widow of James W. English Jr. when he died," or because it is not alleged "when she ceased to be the wife of James W. English Jr., or his widow, and when she became the wife of Baron Rosenkrantz?"

"5. Does the petition in this case as amended show a cause of action? Did the court properly overrule the demurrer to the petition as amended?"

*Brewster, Howell & Heyman* and *Mark Bolding,* for English et al.

*V. A. Batchelor, King & Spalding,* and *John A. Sibley,* contra.

BECK, P. J. This court can not undertake to answer the questions stated above. After giving them careful consideration we are satisfied that the questions are not of the character which the Court of Appeals is authorized to certify to this court. In the case of *Lynch* v. *Southern Express Co., 146 Ga.* 68 (90 S. E. 527), it was said: "With a view of preserving uniformity of decision, the constitution provides for the certifying of constitutional questions to the Supreme Court, and further provides that 'The Court of Appeals may at any time certify to the Supreme Court any other question of law concerning which it desires the instruction of the Supreme Court for proper decision; and thereupon the Supreme Court shall give its instruction on the question certified to it, which shall be binding on the Court of Appeals in such case. The manner of certifying questions to the Supreme Court by the Court of appeals, and the subsequent proceedings in regard to the same in the Supreme Court, shall be as the Supreme Court shall by its rules prescribe, until otherwise provided by law.' Constitution of Georgia, art. 6, sec. 2, par. 9 (Civil Code of 1910, § 6506). Two features stand prominent in this constitutional provision: one is that the question certified is to be one of law; and the other is that the purpose of the certification is to settle the question of law for application by the Court of Appeals in a 'proper decision' of the case by them. There can be no doubt that the words, 'question of law,' as used in the constitution, considered abstractly or in connection with the context, were not intended to embrace questions of fact, or mixed questions of law and fact; the manifest object being to submit to the Supreme Court a definite question of law." And the decision made in the *Lynch* case was held by this court in the case of *L. & N. R. Co.* v. *Hood,* 149 *Ga.* 829 (102 S. E. 521), not to have been affected by the amendment to the constitution adopted in 1916, wherein the jurisdiction of the Supreme Court and of the Court of Appeals is defined. The questions propounded in this case by the Court of Appeals are entirely too general and not sufficiently specific. The first in the series of questions is not as broad in its scope, it is true, as the other questions which follow; but in order to answer

the questions submitted, it would be necessary for this court to go into the record .to compare the rulings made by the court below in striking portions of the petition attacked by demurrer, and, after having determined that question, then to formulate. the specific question of law involved and determine that. Similar observations might be made in regard to question No. 2, except that it does not require the ascertainment of what part of the petition was left after a demurrer was sustained. Other questions embodied in the series submitted are still more general and lacking in definiteness and are still further removed from being specific questions of law. The Court of Appeals desires that we should determine whether a certain contract, referred to as an exhibit in the record, is contrary to public policy and void, and then whether it is "illegal and void for any reason, or is it legal and binding upon all the parties thereto?" It seems to us clear that such questions are not specific questions of law. If the Court of Appeals can submit the questions here propounded, then in any case that went off in the trial court upon demurrer and which was carried by writ of error to the Court of Appeals it would be competent for the Court of Appeals to submit to us the general question, did the court below err in sustaining the demurrer to the petition? And if that could be done, then in a case pending in the Court of Appeals wherein was involved the judgment of the trial court in overruling a motion for a new trial it would be competent for the Court of Appeals to submit the question to us as to whether the court below erred in refusing a new trial. We are of the opinion that such a practice is not in accordance with the law authorizing the Court of Appeals to submit to this court abstract and specific questions of law. *All the Justices concur.*