*J. F. Golightly* and *J. F. Methvin,* for defendants.

---

WASHINGTON LOAN AND BANKING COMPANY *v.* STANTON.

HILL, J. 1. An agent entrusted by the owner with possession of a properly indorsed past-due promissory note, for the purpose of collection only, cannot convey a good title thereto, as against his principal, by a sale and delivery of the note to one taking without actual notice that the agent is only empowered to collect. *Thomas* v. *Kinsey,* 8 *Ga.* 421 (5); *Bank of Oglethorpe* v. *Swindle,* 155 *Ga.* 69 (116 S. E. 604; *Stanton* v. *Washington Loan & Banking Co.,* 28 *Ga. App.* 319 (110 S. E. 918).

(a) The answer to the first question propounded by the Court of Appeals would be the same if, in addition to the facts therein stated, the agent, while in possession of the note, represents to the purchaser at the time of the transaction that he has authority to sell the note.

2. The other questions propounded by the Court of Appeals consist of

mixed questions of law and fact; and under the decision of this court in the cases of *Lynch* v. *So. Ex. Co.*, 146 *Ga.* 68 (90 S. E. 527); *L. & N. R. Co.* v. *Hood,* 149 *Ga.* 829, 834 (102 S. E. 521), *English* v. *Rosenkrantz,* 150 *Ga.* 817 (105 S. E. 613), and the constitution of the State (Civil Code of 1910, § 6506), this court is not required or authorized to answer such questions. While these questions may, in the opinion of the Court of Appeals, be essential elements entering into a final determination of whether a nonsuit was properly granted, they are not such pure questions of law as are necessary to a proper decision of the case, as held in the cases above cited. We must, therefore, decline to answer the other questions propounded.

*All the Justices concur.*

No. 3979. April 17, 1924.

The Court of Appeals requested (in case No. 13977) instructions upon the following questions:

"1. Can an agent, entrusted by the owner with the possession of a properly indorsed past-due promissory note for the purpose of collection only, convey a good title thereto as against his principal, by a sale and delivery to one taking without actual notice that the agent is only empowered to collect? In other words, assuming, under the former decision in this case (28 *Ga. App.* 319), that the fact that the promissory note is past due, though properly indorsed, puts the purchaser on notice of any lack of title by the person in possession, will such fact put the purchaser upon notice also of any actual lack of authority to convey the title as agent? See *Bank of Oglethorpe* v. *Swindle,* 155 *Ga.* 69 (116 S. E. 604); *Thomas* v. *Kinsey,* 8 *Ga.* 421 (5).

"(a) Would the answer to the above question be the same if, in addition to the facts therein stated, the agent while in possession of the note represents to the purchaser at the time of the transaction that he has authority to sell?

"2. (a) Does the possession of such note after its maturity by the person negotiating it, where the note is indorsed in blank by the payee, constitute a circumstance sufficient to authorize an inference that the person holding the note holds it as agent for the true owner, with power to sell it? And (b) is it such evidence of agency as will let in evidence of a declaration, made by the seller of the note when the same is offered for sale to the purchaser, to the effect that the seller is agent for the true owner for the purpose of selling the note, and, as such agent, has power to sell the note and collect the proceeds of such sale? And (c) will the circumstance

of such possession, taken in connection with such declaration by the seller, be sufficient to authorize a jury in a suit on the note, by the purchaser against the true owner, to infer that the seller had authority as agent to sell the note and collect the proceeds of the sale from the purchaser, when it is undisputed in the evidence that, as testified by the seller, the only authority possessed by him respecting the note was to collect the same from the maker for the benefit of the true owner? (the seller contending, however, that he did not sell such past-due note, but sold another note to the plaintiff, and at the time left with the plaintiff such past-due note, which contention of the seller was disputed by the plaintiff).

"3. Where in such a suit upon the past-due note the seller testified that he did not sell it to the plaintiff, but sold to the plaintiff another note, taken from the maker of the past-due note, payable directly to the seller, which was a renewal by the maker of the past-due note—which past-due note, however, had not been surrendered to the maker,—and that in selling the renewal note, the seller, as part of the transaction, left with the purchaser the past-due note, is the following testimony of the seller in this connection sufficient to authorize an inference that the true owner of the past-due note sued on ratified a sale of the past-due note to the plaintiff, or that by his silence he admitted the authority of the agent to sell the past-due note sued on? ' My brother [the defendant and true owner] gave me this note [the note sued on], and I could not collect it. I had Mr. Anthony [the maker] to make this other note [the renewal note]. I did not notify my brother right away. I reckon it was two or three months when I was up there when I notified him. I told him I needed the money in my business. I did not tell him about leaving the note as I had. He did not ask what had become of this note. I told him this, that I renewed the note upon the tractor for Mr. Anthony and made the note payable to me, and sold the note with 5 per cent. discount to the Washington Loan & Banking Company [the plaintiff]. I told him I renewed the note up and made it payable to T. D. Stanton [witness]. I told him that I traded that note which I took to the bank there, and it was all right with my brother. He did not make any objection. The question what had become of the note was not raised. He never did ask me. I told my brother that I got the money, but I do not remember whether he asked me what I did

with it or not. Well, that was his note, of course, but I took a renewal of his note and traded that, and the renewal note was not his. The renewal was made payable to me. It is true that it was in consideration of his note and the money ought to have gone to him. Well, it was his note, and I told him that I had discounted that note here at the bank, and he made no objection to it. He did not make any objection.'

"4. Was the plaintiff purchaser—a bank which claimed title in the past-due note sued on, upon the theory of having purchased it from an authorized agent of the owner—estopped from asserting such claim, where it appeared that the seller deposited the proceeds of the sale to his own individual credit and checking account with the plaintiff bank, with the knowledge by the bank before the purchase that such seller would check on the account for the use of his personal business, and where it appeared that such proceeds were thus actually expended, but where it did not appear that the owner had authorized such use;"

*Colley & Colley,* for plaintiff.

*W. A. Slaton,* for defendants.