### BULL & SON *v.* CARPENTER, trustee.

The Supreme Court is not required to answer a certified question which does not propound a distinct issue of law, but is one of mixed law and fact and in effect calls for a decision of the case.

No. 4220. MAY 15, 1924.

Question certified by Court of Appeals (Case No. 14261).

*J. J. Bull & Son, J. H. Poole,* and *J. J. Murray,* for plaintiffs.
*J. S. Ridgdill* and *S. F. Mitchell,* for defendant.

GILBERT, J. The Court of Appeals propounded the following question: "Where a suit is brought against a trustee for a sum alleged to be due for legal services under and by virtue of an express oral contract alleged to have been made with a predecessor in office of the defendant trustee, and where, in support of his own evidence that such contract was made, the plaintiff introduces the interrogatories of the former trustee, by which the making of the alleged contract is corroborated, but the defendant, the present trustee, introduces in rebuttal depositions of the same former trustee, taken subsequently to his interrogatories, in which depositions he affirmatively denies the making of the contract sued on, but without any explanation of his conflicting testimony as contained in the interrogatories sued out by the plaintiff, and where there are no other facts or circumstances in evidence supporting a verdict rendered in favor of the defendant, must the verdict be set aside as being 'without evidence to support it and contrary to law,' on the theory that it is necessarily based solely upon the

evidence of a witness who has knowingly and wilfully testified falsely to a leading and material fact respecting which there could be no mistake or misapprehension? See, in this connection, *Plummer* v. *State,* 111 *Ga.* 839 [36 S. E. 233] ; *Glenn* v. *Augusta &c. Ry. Co.,* 121 *Ga.* 80 [48 S. E. 684]."

"Where a certified question of law does not propound a distinct issue of law, but in effect calls for decision of the whole case, this court need not, and in this case does not, answer it." *Lynch* v. *Southern Express Co.,* 146 *Ga.* 68 (4) (90 S. E. 527) ; *L. & N. R. Co.* v. *Hood,* 149 *Ga.* 829, 834 (102 S. E. 521) ; *English* v. *Rosenkrantz,* 150 *Ga.* 817 (105 S. E. 613) ; *Washington Loan & Banking Co.* v. *Stanton,* 157 *Ga.* 885 (123 S. E. 612) ; Constitution of Georgia, Civil Code (1910), § 6506. The cases just cited contained questions with reference to the grant of a nonsuit, directing verdict, sufficiency of evidence to sustain verdicts, and the like. The question propounded in the present case, like those in the cases cited, is not a question of law only, but is a question of mixed law and fact.    *All the Justices concur.*