HALLY *v.* STANDARD LIFE INSURANCE COMPANY.

The certified questions not being of such nature as to require answers by the Supreme Court, the requested instructions are not given.

No. 5915. FEBRUARY 18, 1928.

*Bryan & Middlebrooks, N. T. Anderson Jr.,* and *Samuel Barnett,* for plaintiff.

*Kendrick Scott* and *Little, Powell, Smith & Goldstein,* for defendant.

The Court of Appeals (in Case No. 17147) requested instruction from the Supreme Court upon the following question: "Where one insured under a life-insurance policy has failed to pay the premium due by the last day of grace provided in the policy for its payment, and where the policy provides that, after the insured has so defaulted in the payment of the premium, he may at his option withdraw the cash surrender value of the policy, or apply the cash surrender value, less any indebtedness due by the insured to the company and secured by the policy, to the purchase of paid-up or term insurance, and where, upon his failure, for a period of thirty days, to exercise any one of the options, the policy

Courts, 15 C. J. p. 1039, n. 51.

will automatically be converted into paid-up insurance, provided there is any net cash surrender value, and where, because of the existence of a loan upon the policy, equal to the cash surrender value, there is no net cash surrender value in the policy available for the purchase of any insurance, as provided in the option, but where the policy provides that loans on the policy may be paid at any time, and where the policy provides that a failure to pay any premium shall cause the insurance 'to cease and determine ipso facto immediately, save as herein otherwise specifically provided,' is the policy in force for its full value, or for any value, during the thirty-day period after default in the payment of the premium, within which the insured may exercise any of the options referred to? Where the insured dies during this period without having exercised any of the options, can the beneficiary under the policy collect any insurance?"

Following the question it is stated that the facts are:

"A policy of life-insurance provides as follows:

" 'A grace of one month (not less than thirty days) will be allowed in the payment of premiums, after the first, subject to an interest charge at the rate of six per cent. per annum, and during such grace the policy will remain in full force.' The policy then provides for loans upon the policy by the insured, and further provides: 'All or any part of such loan may be repaid at any time. Failure to pay any such loan or the interest thereon shall not avoid this policy unless the total indebtedness to the company shall equal or exceed the cash surrender value at the time of such failure nor until one month (not less than thirty days) after notice shall have been mailed by the company to the last known address of the insured and of the assignee, if any.

" 'Options of Surrender or Lapse: After three full year's premiums have been paid, this policy may be surrendered at any time prior to or within thirty days after default in payment (said default date being the expiration of the term of grace in payment of premiums), and upon such surrender the owner may elect (if there is no indebtedness outstanding against the policy), under the appended table and the number of full year's premiums and fractional part thereof actually paid, either (1) To continue the insurance in force for its face amount to the term of extended insurance set opposite the number of full years' premiums actually

paid and cash endowment (if any is stated) if the insured survives to the end of the original endowment period, or (2) To purchase paid-up endowment insurance payable at the same time and on the same conditions as obtained in this policy and the amount of paid-up value, or (3) To receive a cash surrender value as set down in the column of cash values and not less than the value of either of the preceding options. If any indebtedness exists hereunder, such indebtedness shall be deducted prior to settlements and the amount of paid-up insurance or of insurance extended for the term named shall be such as the net cash surrender value after the deduction of indebtedness will purchase at the net premium rates, determined on the standard for valuation named herein. Should the net cash value after the deduction of indebtedness be more than sufficient to extend the full amount of insurance to the end of the original endowment period, then the excess shall be applied upon the standard named for valuation to the purchase of a pure endowment payable to the insured, if living, at the end of the original endowment period.

"'If no such election is made by the owner within the specified time, the policy will be continued automatically under option (2) above.

"'Failure to pay any premium or any note or interest thereon, given for any premium or extension of premium, in full within the period allowed for said payment by the policy or note, shall cause the insurance thereunder to cease and determine ipso facto immediately, save as herein otherwise specifically provided.

"'All benefits, options and values referred to in this policy are based upon the assumption that there is no indebtedness against the same. If any indebtedness exists, it will be deducted in any settlement hereunder, and any premium or portion of premium due and unpaid at the time of the death of the insured, including balance for current policy year in which death occurs, shall be treated as an indebtedness.'

"The policy was issued on the life of the insured on January 7, 1918. The initial premium due on that date was paid and the annual premiums thereafter due on January 7, 1919, and January 7, 1920, were paid, but the premium due on January 7, 1921, has never been paid. The insured died on February 13, 1921. Notice of the premium which was due on January 7, 1921, was

mailed to the last known address of the insured by the insurance company thirty days in advance of the due date. A notice was also mailed by the insurance company to the last known address of the insured more than thirty days prior to January 7, 1921, that the loan, which was due on the policy and secured by the policy, was due concurrently with the premium, namely, on the 7th day of January, 1921, the premium being $45.15 and the loan being $78. Ten days prior to the expiration of the grace period provided in the policy, which grace period was thirty days after the premium became due on January 7, 1921, a final notice was mailed to the last known address of the insured, advising him that the premium was past due and that the loan was also past due, which notice warned the insured that his policy would lapse unless the premium and loan, or the interest thereon, was paid prior to the expiration of the said grace period. Upon the expiration of the grace period, without payment having been made of either the premium or the loan, or the interest thereon, notice was mailed to the last known address of the insured, stating that the policy had lapsed, due to his failure to pay the premium, and also due to his failure to pay the loan or the interest thereon.

"On January 7, 1921, and at all times thereafter, there was due on the policy an annual premium in addition to a loan of $78, which had been made to the insured on the sole security of the policy, and neither the said premium nor the loan has been paid or tendered the insurance company.

"During the thirty-day period after February 7, 1921, after the expiration of the thirty-day grace period for the payment of the premium due on January 7, 1921, which premium was never paid, the insured had the options mentioned in the policy, namely, to withdraw the cash surrender value of his policy, or to apply it toward the purchase of paid-up or term insurance, and upon his failure to exercise either one of these options within the thirty-day period, the cash surrender value would automatically purchase paid-up insurance, as provided in option 2 of the policy. Had the insured during this period exercised any one of these options, he would have received nothing (unless he could have paid his loan under the terms of the policy, which provided that his loan could be paid at any time), as the loan on his policy exactly equalled the cash surrender value, and there was no net cash surrender value

to purchase paid-up or term insurance or to receive in cash from the company.

"The insured died on February 13, 1921, within this period. Upon his death, which occurred without his having exercised any of the·options mentioned in the policy and without his having paid the loan against the policy, which was equal to the cash surrender value, and without his having paid the premium due on January 7, 1921, the period of grace for the payment of which had expired on February 7, 1921, was the policy in force for its full face value, or for its full face value less the unpaid premium and the loan, or had the policy lapsed and become of no value?"

PER CURIAM. Under the ruling of this court in *Southern Exchange Bank* v. *First National Bank,* 165 *Ga.* 289 (140 S. E. 753), and cit., the questions are of such nature that this court declines to comply with the request for instructions.

*All the Justices concur.*