HARRISON *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

No. 6495. JANUARY 18, 1929.

*B. F. Neal,* for plaintiff.

*Felton & Felton* and *H. A. Wilkinson,* for defendant.

HILL, J. The Court of Appeals requested instruction from the Supreme Court upon the following question: "Where a railroad company operates its trains through the limits of a city in this State at a rate of speed in excess of that permitted within the city limits by a valid ordinance of the city, which limits the speed of trains to a speed not exceeding five miles per hour, and where, as a result of the operation of the trains through the city at a rate of speed in excess of that permitted under the ordinance of the city, an owner of land upon which is situated a house in close proximity, to wit one hundred yards, of the railroad-track over which the trains are operating, suffers a damage to the house, caused from the vibrations of the trains when running past the house at a rate of speed in excess of that permitted by the ordinance, and at a rate of speed of forty miles per hour, is there a right of action in the owner of the house against the railroad company for damages to the house thus sustained as the proximate result of the operation of the trains?"

Under previous rulings of this court, where a certified question from the Court of Appeals does not propound a distinct question of law, but asks for a decision of the whole case, this court need not

678

answer such question. *Southern Exchange Bank* v. *First National Bank of Dublin,* 165 *Ga.* 289 (140 S. E. 753), and cit.; *English* v. *Rosenkrantz,* 150 *Ga.* 817 (105 S. E. 613) ; *Bull* v. *Carpenter,* 158 *Ga.* 360 (123 S. E. 614). The question propounded by the Court of Appeals in the instant case raises a mixed question of law and fact and does not state a distinct question of law. To answer the question as propounded, this court would have to consider· and decide a question of fact, that is, whether the building alleged to have been damaged by the vibrations of trains run at a rate of speed in excess of that permitted by a valid ordinance was a structure of reasonable stability and of such firmness and strength of construction, having regard to the materials of which it was built, as would enable it to withstand and not be damaged by the trains of the defendant company if they had not been run at an unlawful rate of speed, that is, at a rate of speed in excess of that permitted by a valid city ordinance. Manifestly, this court will not assume that the building was or was not such a structure; but it would have to assume the one or the other in order to answer the question propounded by the Court of Appeals. For that reason, in view of the decisions cited above, this court declines to answer the question.

*All the Justices concur, except Russell, C. J., who dissents.*