### JOHNSTON et al. v. TRAVELERS INSURANCE COMPANY.

No. 11370. OCTOBER 16, 1936.

*Isaac S. Peebles Jr.,* and *Nathan Jolles,* for plaintiffs.
*Hull, Barrett & Willingham,* for defendant.

GILBERT, Justice. The case came to this court on certified questions from the Court of Appeals. The questions propounded are not such as are in accord with Rules 26 and 27 of the Rules of the Supreme Court (Code, §§ 24-4529, 24-4530). In *Lynch* v. *Southern Express Co.,* 146 *Ga.* 68, 71, 72 (90 S. E. 527), it was said: "With a view of preserving uniformity of decision, the constitution provides for the certifying of constitutional questions to the Supreme Court, and further provides that 'The Court of Appeals may at any time certify to the Supreme Court any other question of law concerning which it desires the instruction of the Supreme Court for proper decision; and thereupon the Supreme Court shall give its instruction on the question certified to it, which shall be binding on the Court of Appeals in such case. The manner of certifying questions to the Supreme Court by the Court of Appeals, and the subsequent proceedings in regard to the same in the Supreme Court, shall be as the Supreme Court shall by its rules prescribe, until otherwise provided by law.' Constitution of Georgia, art. 6, sec. 2, par. 9 (Civil Code of 1910, § 6506). . . The constitutional provision under which the certification of a question by the Court of Appeals to the Supreme Court is authorized limits the 'question of law' to one which the Court of Appeals desires the Supreme Court's instruction for a 'proper decision' of the case by the Court of Appeals. There is no suggestion, either in phraseology or context, that it was ever contemplated that the Court of Appeals could certify for ultimate decision by the Supreme Court the whole case of any record depending in that court. If one case could be so certified, then all of the cases in that court could be certified for ultimate decision by the Supreme Court. We therefore conclude that no question of law is presented in the question, the formula of which is given at the beginning of this division of the opinion." That decision dealt with a construction of the provision of the constitution as it existed before the amendment of 1916. The construction is equally applicable to the constitution as amended. In *L. & N. R. Co.* v. *Hood,* 149 *Ga.* 829, 835 (102 S. E. 521), it was said: "'The Supreme Court of the United States, speaking through Mr. Justice Gray, held that each question certified must be a distinct question or proposition of law clearly stated, so that it could be definitely answered without regard to other issues of law or of fact in the case. He said: "The points

certified must be questions of law only, and not questions of fact, or of mixed law and fact— 'not such as involve or imply conclusions or judgment by the court upon the weight or effect of testimony or facts adduced in the cause.' . . The whole case, even when its decision turns upon matter of law only, can not be sent up by certificate of division.'" (Citing.) The following cases are to the same effect. *English* v. *Rosenkrantz,* 150 *Ga.* 817 (105 S. E. 613); *Washington Loan & Banking Co.* v. *Stanton,* 157 *Ga.* 885 (2) (123 S. E. 612); *Southern Exchange Bank* v. *First National Bank of Dublin,* 165 *Ga.* 289 (140 S. E. 753); *Hally* v. *Standard Life Insurance Co.,* 165 *Ga.* 838 (142 S. E. 147); *Harrison* v. *Central of Georgia Railway Co.,* 167 *Ga.* 677 (146 S. E. 317). The questions are not such questions of law only; and though there are several, they are such that answers *necessarily* control the decision of the case. This court must decline to answer the questions.

*All the Justices concur, except Atkinson, J., absent because of illness.*