LIVERPOOL AND LONDON AND GLOBE INSURANCE
COMPANY LIMITED *v.* STUART *et al.*

438

No. 13874.   FEBRUARY 10, 1942.

*Jones, Fuller & Clapp* and *Alex. P. Gaines,* for plaintiff in error.
*T. C. Denmark* and *T. B. Higdon,* contra.

REID, Chief Justice.   This case has been in this Court before, on a certified question from the Court of Appeals.   *Liverpool & London & Globe Insurance Co.* v. *Stuart,* 191 *Ga.* 745 (supra). In the first question now before us the Court of Appeals desires to know whether *our answer* to the former question precludes it "from passing upon the question as to whether an amount due under a retention-of-title contract on a part of the property insured at the time the policy was issued was of sufficient materiality to void the policy."   It is not clear whether the Court of Appeals in referring in this question to the "question . . of sufficient materiality," has in mind the principle of law applicable to *representations* in contract of insurance, the falsity of which does not render the policy void unless material (Code, § 56-821), or whether it refers in this connection to the doctrine de minimis non curat lex.

In the briefs filed in this court counsel refer to both of these principles.   Counsel for the insured contends that the provision in the contract in reference to title, though admittedly in the form of a warranty, should nevertheless, under our statute, be treated simply as a representation which, if false, does not avoid the policy unless material; that even if the provision be considered a warranty, under the doctrine de minimis non curat lex, if the breach was trifling and inconsiderable, it should be held that in law no breach of the warranty had occurred; and further that our answer to the question formerly certified does not preclude the Court of Appeals from so holding.

We do not read the first question as calling upon us to decide whether the provision in the contract referred to should be treated

as a representation, and, if so, whether the falsity of the representation of title as to only a part of the property insured was, under the facts of the case, of sufficient materiality to render the policy void; nor whether the doctrine de minimis non curat lex has any application to a case of the present character, and, if so, whether it would operate to prevent the policy from being declared void, notwithstanding the insured did not own the title to a part of the property insured. It appears that the Court of Appeals, by this question, merely seeks instruction from us as to whether *our answer* to the former question precludes it from applying either or both of these principles to the facts of the present case. To this we reply in the negative. In the former decision we simply said, and we construed the question propounded as calling for no more, that under a contract of fire insurance, which insured several articles of personal property, wherein it was provided that "This entire policy shall be void . . if the interest of the insured be other than unconditional and sole ownership," if it appeared that the insured did not hold title to a part of the property insured, he could not recover for the destruction of the property to which he held title, on the theory that the policy was divisible. In other words, we simply held that as to this provision the policy was indivisible, and that a failure of title to a part of the property insured affected the whole contract. Our ruling had no reference to whether or not the warranty was to be considered as a representation, and as to its materiality; and nothing that the Court of Appeals might rule in this connection would be contrary to our decision that the contract was not divisible. We expressly stated in our decision that we were not "called upon, under the question as propounded, to deal with the application of the doctrine de minimis non curat lex." We so stated because there was some reference to this principle in the argument. Had we determined that the doctrine de minimis non curat lex was applicable in a case of this character, there were not sufficient facts stated in the question to have permitted a determination whether the contract would be saved by its application. The value of the property as to which there was an outstanding title and the value of the entire property insured was not stated, nor was it stated what amount was due under the bill of sale at the time the contract was made, but simply the amount due on the contract at the time of the

fire. This being true, we did not consider that the Court of Appeals had in mind any question in reference to the principle referred to. The fact is that had all of the pertinent facts been stated, and had the Court of Appeals expressly asked whether by the application of that doctrine to the facts the policy might be held valid, such a question would have been one of mixed law and fact, as will appear from our ruling on the second and third questions now certified, and accordingly one which we would not have been at liberty to answer. *Lynch* v. *Southern Express Co.*, 146 *Ga.* 68 (90 S. E. 527); *L. & N. R. Co.* v. *Hood*, 149 *Ga.* 829 (102 S. E. 521); *Washington Loan & Banking Co.* v. *Stanton*, 157 *Ga.* 885 (123 S. E. 612); *Southern Exchange Bank* v. *First National Bank of Dublin*, 165 *Ga.* 289 (140 S. E. 753); *Johnston* v. *Travelers Insurance Co.*, 183 *Ga.* 229 (188 S. E. 27).

So, without deciding whether the provision in controversy can be considered as a representation, whether as such it was material under the facts of the case, whether the doctrine de minimis non curat lex has any application to a case of this character, and whether its application to the particular facts of the case would operate to save the contract, and intending no intimation thereon, we hold, in answer to the first question, that nothing that court might rule in these matters would be contrary to *our former answer*.

Upon consideration, we have concluded that questions 2 and 3 present mixed questions of law and fact, and, under the authorities already cited, will not be answered.

*All the Justices concur.*