BUTLER *v.* THE STATE.

No. 14220. SEPTEMBER 15, 1942.

*A. J. Whitehurst* and *Clifford E. Hay,* for plaintiff in error.

*J. E. Craigmiles, solicitor,* contra.

BELL, Justice. The Court of Appeals requested instruction upon the following question:

"On September 25, 1940, J. N. Butler was being tried in a court of record, for a criminal offense. The jury were sworn, the evidence was submitted, the court's charge was given, and the jury retired to consider of their verdict. No verdict was returned, but after four hours of deliberation the jury were discharged by the court. Neither the defendant nor his counsel moved for, or consented to, a mistrial of the case, and no order of the court declaring a mistrial, or giving its reason therefor, was entered on the minutes of the court, or in any way made matter of record. The only entry on the minutes of the court was as follows: 'The State *v.* J. N. Butler. No. 12351—Mistrial. The defendant waives formal arraignment, copy of accusation, list of witnesses, and demands trial by jury, and pleads not guilty. This 25th day of September, 1940. [Stating names of defendant's counsel.] Mistrial.'

"On September 16, 1941, the accused was again arraigned for trial in the same court for the identical offense for which he was arraigned on September 25, 1940. He filed a timely plea of former jeopardy, in which he set up the above-stated facts. No traverse of the plea was filed. Was the plea properly stricken on demurrer?"

Under previous decisions of this court, construing the constitutional provisions relating to authority of the Court of Appeals and of this court in such matters, the foregoing question is not of such character that we are authorized to answer it. It contains a statement of facts that were set up in a plea of former jeopardy, and then makes the general inquiry, "Was the plea properly stricken on demurrer?" Numerous and varied questions could arise on the striking of such a plea on demurrer, and there is nothing to indi-

cate upon what particular point the Court of Appeals desires instruction. In *English* v. *Rosenkrantz,* 150 *Ga.* 817, 820 (105 S. E. 613), where questions similar in form were certified, this court said: "If the Court of Appeals can submit the questions here propounded, then in any case that went off in the trial court upon demurrer and which was carried by writ of error to the Court of Appeals it would be competent for the Court of Appeals to submit to us the general question, did the court below err in sustaining the demurrer to the petition? And if that could be done, then in a case pending in the Court of Appeals wherein was involved the judgment of the trial court in overruling a motion for a new trial it would be competent for the Court of Appeals to submit the question to us as to whether the court below erred in refusing a new trial. We are of the opinion that such a practice is not in accordance with the law authorizing the Court of Appeals to submit to this court abstract and specific questions of law."

Where a certified question does not present a distinct issue of law, this court is not required or authorized to answer it. Code, §§ 2-3005, 2-3009; *Louisville & Nashville Railroad Co.* v. *Hood,* 149 *Ga.* 829 (102 S. E. 521); *Washington Loan & Banking Co.* v. *Stanton,* 157 *Ga.* 885 (123 S. E. 612); *Bull* v. *Carpenter,* 158 *Ga.* 360 (123 S. E. 614); *Southern Exchange Bank* v. *First National Bank of Dublin,* 165 *Ga.* 289 (140 S. E. 753); *Harrison* v. *Central of Georgia Railway Co.,* 167 *Ga.* 677 (146 S. E. 317); *Johnson* v. *Travelers Insurance Co.,* 183 *Ga.* 229 (188 S. E. 27).

According to this standard, no instruction can be properly given on the question certified in this case, and therefore it is returned without answer. *All the Justices concur.*