DADE COUNTY *et al. v.* STATE OF GEORGIA *et al.*

No. 15783.  APRIL 19, 1947.

*Gleason & Painter,* for plaintiffs in error.

*J. H. Paschall, Solicitor-General,* and *Shaw & Shaw,* contra.

CANDLER, Justice. (After stating the foregoing question.) The Revenue-Certificate Act of 1937 (Ga. L. 1937, p. 761) defines a "municipality," as the term is therein used, to be any county, city, or town of this State. It authorizes any such municipality to create a water district and to construct, operate, and maintain a water system which may be located wholly within or wholly without the municipality, or partially within and partially without the municipality. Briefly stated, the question certified to this court is this: Where the governing body of a county has fully complied with all the provisions of the Revenue-Certificate Act in the creation of a water district and caused proceedings to be filed for the validation of its certificates and confirmation of the security for the payment thereof, and where the governing body of a city located wholly within the area embraced in the county's district has likewise fully complied with all the provisions of the act in the creation of a water district comprised only of the area located within its corporate limits, and caused proceedings to be filed to validate and confirm its certificates and the security for the payment thereof, does the fact that the county's proceedings were instituted first in point of time constitute a legal reason why the city's certificates should not be validated and confirmed? The conclusion that the General Assembly intended that every

municipality in the State should have exactly the same power to do all of the acts authorized thereby is easily reached by even a casual reading of the act. When proceedings are instituted to validate and confirm, the act provides that "the judge of the said superior court shall proceed to hear and determine all the questions of law and of fact in said cause and shall render judgment thereon." The sufficiency of the anticipated revenue to be derived from the operation and maintenance of any proposed water system to retire its certificates is an issue of fact peculiar to each proceeding for validation and confirmation, which the judge must determine. There is nothing contained in the act which expressly or by necessary implication gives that municipality which institutes proceedings first for the validation of its certificates, and the confirmation of the security for the payment thereof, superior rights over another municipality which may file proceedings to validate and confirm the security for its certificates subsequently thereto; and this is true although the two proposed districts may embrace the same area or portions of the same area. It was not the intention of the General Assembly to place one municipality in a race against time with some other municipality in doing the acts which each was equally authorized and empowered to do. We think that the question certified may be sufficiently answered by saying that the institution by one municipality of proceedings to validate and confirm its certificates, prior to that of another municipality which seeks to create a district comprised partly of the same area, would not of itself be sufficient to authorize a judgment refusing to validate and confirm the certificates of the latter. The question is therefore answered in the

*Negative. All the Justices concur, except Duckworth, P. J., Wyatt and Head, JJ., who dissent.*

DUCKWORTH, P. J., and WYATT and HEAD, JJ., dissenting. We do not think that the question as propounded is one that this court can or should answer, for the reason that it is a question of mixed law and fact, and calls for a decision of the entire case. *Johnston* v. *Travelers Insurance Co.*, 183 *Ga.* 229 (188 S. E. 27).